WILLIAM T. GRAHAM, Appellant, v. MERCAN-
TILE TOWN MUTUAL INSURANCE COM-
PANY, Respondent.

**Kansas City Court of Appeals, December 19, 1904.**

1. **APPELLATE PRACTICE: Abstract: Respondent's Theory.** An abstract is held sufficient to decide the case on the issues involved; and as respondent declined to go into the merits of the controversy and stands on a failure of the abstract, the appellate court can not consider his theory of the case.

2. **INSURANCE: Cash Premium: Stipulation: Note.** On a stipulation in the articles of association of a mutual company it is implied that one-half of the premium may be paid in a note of the assured.

3. ———: ———: **Note: Fraud.** The fact that an insurance agent folded a note in a certain way when he handed it to the maker for his signature is, without more, insufficient to show fraud; and one signing a contract is conclusively presumed to know its contents and his failure to read does not alter the rule.

4. ———: **Agent's Power: Waiver: Consideration.** An agent of an insurance company has no power to waive the consideration of a policy, unless it be specially conferred by the corporation itself.

Appeal from Ray Circuit Court.—*Hon. J. W. Alexander*, Judge.

AFFIRMED.

*J. L. Farris, J. L. Farris, Jr.*, and *J. P. Bramaall* for appellant.

(1) A soliciting agent of town mutual insurance companies has the same power to modify or waive provisions of a contract as an agent of an "old line" company. A comparison of the following two decisions will establish proposition: Laundry v. Ins. Co., 151 Mo. 90; Ross-Langford v. Mutual Co., 97 Mo. App. 79.

(2) A soliciting agent of an insurance company with limitations imposed on his authority by his company known to the insured may waive the conditions of the policy. Wolf v. Ins. Co., 86 Mo. App. 581. (3) Since there was substantial evidence to show the consideration of the policy was $17 in cash the court should have referred the case to the jury for the determination of the facts. (4) A town mutual insurance company may, in full payment for its policies, accept cash or part cash or part note. R. S. 1899, sec. 8089.

*Reed, Yates, Mastin & Howell* for respondent.

(1) The law is so well settled upon the points which we shall present that we do not deem it necessary to discuss the legal questions affecting the merits of this case. (2) The record must show the filing of a proper bill of exceptions within time. It does not do so, for which reason the case must be affirmed. Sprayer Co. v. Kolkmeyer, 91 Mo. App. 286; Jordan v. Railroad, 92 Mo. App. 81; Kampf v. Transit Co., 102 Mo. App. 314. (3) This court can not presume that the trial court was not justified in sustaining a demurrer to the evidence. Indeed, the presumption is otherwise. This court can only convict the lower court of error, in such cases, when the record presents all of the evidence and thereby makes the error appear. Deering & Co. v. Hannah, 93 Mo. App. 618; Jackson v. Railroad, 85 Mo. App. 443; Dixon v. Thomas, 91 Mo. App. 365.

BROADDUS, J.—This is a suit on a fire insurance policy issued June 15, 1900, by defendant—the Mercantile Town Mutual Insurance Company—to plaintiff insuring his house and contents against loss by fire and lightning. The property was destroyed by fire and the defendant refusing to pay the loss this suit was instituted. The case was tried before a jury which, at the

conclusion of all the evidence, was instructed by the court to find a verdict for the defendant. In obedience to the instruction a verdict was so rendered and judgment given accordingly, from which plaintiff appealed.

The agreed premium stated in the policy was $30. One, Fred C. Comer, was the soliciting agent who took the insurance. Plaintiff's evidence tended to show that he notified said Comer before the policy was issued that he would not insure unless he could pay the entire premium in cash. Plaintiff paid $17 in cash, two dollars of which witness Comer stated was the fee for issuing the policy. At the time the policy was issued plaintiff signed a written application for insurance which by the terms of the policy was made a part thereof. The charter and by-laws of the company were also made a part of said policy. The plaintiff signed a note for $15 for one-half of said premium.

By the terms of his policy the plaintiff became a member of the defendant's association. Article 10 of the association provides that the board of directors of the association shall have the power to make an assessment as often as they deem necessary upon premium notes given by members of the company in order to settle losses and pay expenses. The company made an assessment under said article and gave notice to plaintiff of the amount assessed against him, which he failed and neglected to pay. In his reply to defendant's answer setting out plaintiff's failure to pay said assessment he denied the execution of such note and alleged that it was a forgery or that if such note existed it was procured by fraud and without his knowledge and consent.

In his testimony plaintiff admitted signing the paper but stated that it was obtained by trick: that is, by a certain manner in which it was folded when he signed it, which he illustrated to the jury. The policy, the application and the articles and by-laws of defend-

ant were introduced in evidence. Plaintiff's abstract contains only a part of the policy and application and only section ten of the by-laws and articles of defendant's association. It nowhere appears in the parts named that one-half the premiums on policies should be paid in notes of the assured, although said Article 10 confers on defendant's board of directors the power to assess them to pay losses and expenses.

The defendant contends that as the merits of the whole case are involved, that the judgment should be affirmed because of the failure of plaintiff to include all the evidence in his abstract. We think, however, enough is shown to enable the court to decide the case upon the issues involved. The defendant's attorneys have declined to go into the merits of the controversy and are standing on the mere technicality of the failure of plaintiff to furnish a complete abstract of the evidence. Consequently, we can not avail ourselves of their theory of the case.

Said section ten of defendant's articles of association by implication authorizes defendant to accept one-half of the premium on policies in notes of the assured. But there is nothing in said section to prevent it from taking the entire premiums in cash. It was therefore competent for plaintiff to contract for a cash premium, which would have been equally as available to defendant as payment by cash and by note in the manner stated. He says that he agreed with the agent to pay a cash premium—that he told him beforehand that he would not insure in any other way. But whatever he and the agent might have said or agreed to was before the delivery of the policy which contains his contract with defendant. All such agreements, if they existed, were merged in the policy. Plaintiff accepted the policy which informed him that the premium thereon was thirty dollars. He knew this, or at least the law will hold him to such knowledge. And he admits he signed the paper purporting to be a note for $15 for one-half

of the premium. But he says that it was obtained by
fraud or trick. But he does not state that any repre-
sentations were made to him by the agent of what the
writing contained. He says that he did not know he
was signing a note. He could read but he did not
choose to do so. He states that he was deceived by the
way the paper was folded. The only attempt to show
fraud on the part of the agent in procuring the note was
the manner in which he folded the paper when he pre-
sented it to plaintiff to sign. This unaccompanied with
some deceit calculated to mislead would not amount to
a fraud. ''When one without fraud practiced upon
him signs a contract he is conclusively presumed to
know its contents and terms and his failure to read
before signing does not alter the rule.'' [Johnston v.
Life Ins. Co., 93 Mo. App. 580, and authorities cited.]

One of plaintiff's contentions is that the agent had
the power to modify or waive the provisions of the con-
tract of insurance, citing Springfield Laundry Co. v.
Traders' Ins. Co., 151 Mo. 90; Ross-Langford v. Ins.
Co., 97 Mo. App. 79. These cases are not in point.
They refer to provisions for the non-performance of
which upon the part of the assured renders the contract
of insurance void. They do not go to the extent we are
asked to go to here, that an agent may waive that which
goes to the validity of the contract—that is, the con-
sideration.

The argument is that it was within the powers of
the agent to waive a payment of a part of the premium.
This, no agent would have the right to do, however com-
prehensive his powers might be, unless specially con-
ferred by the corporation itself. If such a power exist-
ed it was lodged in the directors of the company. The
exercise of such a power would be to change the rate of
insurance—and as all the assured were members of and
constituted the association, such could be accomplished
by the corporation alone, as such, and not by its ex-
ecutive officers.

Plaintiff having failed after due notice to pay the assessment on his note, as provided by his contract, his policy stood suspended at the time of his loss; therefore he was not entitled to recover. Affirmed. All concur.