B. B. BANKS, Respondent, v. CLOVER LEAF CASUALTY COMPANY, a Corporation, Appellant.

St. Louis Court of Appeals.  Opinion Filed June 21, 1921.

1. **EVIDENCE: Contracts: Cannot Vary Terms of Written Contract by Parol: Antecedent or Contemporaneous Oral Agreements Merged.** All antecedent or contemporaneous oral agreements are merged in the written contract and cannot be admitted to abrogate or vary its unambiguous terms; until corrected, it stands as the final contract between the parties.

2. **INSURANCE: Accident Insurance: Injury Before Policy Became Effective: No Liability.** Where plaintiff's injury sued for occurred one day before the accident policy sued on was effective, there was no liability shown under the cause of action stated in the petition.

3. ———: ———: Policy: Evidence: Statements in Application: Holder Bound in Absence of Fraud. Plaintiff, the holder of an accident insurance policy, is bound by his statements contained in his application therefor; there being no evidence introduced showing that the application was procured by fraud.

4. ———: ———: Application for Insurance: Not Binding Until Accepted. Application for accident insurance is a mere request on the part of the applicant, and was not binding until accepted by the insurer.

5. ———: ———: Oral Contract by Agent: Neither Authorized nor Ratified: Not Imputed. The alleged oral contract of insurance made by the soliciting agent of the insurer, which the insurer did not authorize or ratify, cannot be imputed to it.

Appeal from the Circuit Court of the City of St. Louis. —Hon. *George H. Shields*, Judge.

REVERSED.

*Thomas O. Stokes* for appellant.

(1) An application to be insured is no more than a proposition to the insurance company for insurance and necessarily must be accepted before there can be a binding contract. Rhodus v. Kansas City Life Ins. Co., 156 Mo. App. 281. (2) A mere soliciting agent cannot make a contract of insurance, whether oral or written, binding upon the company which he represents. Therefore appellant's soliciting agent who took respondent's application for the written policy sued upon could not have made an oral contract of insurance covering the period between the signing of the application and the date of the written policy, nor could he under any circumstances waive the insuring clause of the written policy. Therefore, the court erred in holding that appellant's soliciting agent could and did make a binding oral contract of insurance for the period between the signing of the application and the date of the written policy sued upon. Graham v. Ins. Co., 110 Mo. App. 95, 98, 99; Kring v. Ins. Co., 195 Mo. App. 133, 135,

136; Rhodus v. Kansas City Life Ins. Co., 156 Mo. App. 281, 284, 285. (3) The court erred in holding that appellant was bound by the oral contract of insurance alleged in respondent's reply, since even if the soliciting agent who took the application had been authorized (which he was not) to make binding contracts of insurance, the oral contract of insurance alleged in respondent's reply would still not be binding, since no consideration for the same is either alleged or proved. Swift v. Ins. Co., 216 S. W. 935; Swift v. Ins. Co., 202 Mo. App. 419; Lebrecht v. New State Bank, 199 Mo. App. 642; Goller v. Oil & Supply Co., 179 Mo. App. 48. (4) The respondent must recover, if at all, upon the cause of action alleged in his petition and cannot piece out his petition by his reply. He alleged a written contract of insurance in his petition. He is bound by his allegation of this contract, which shows on its face in clear and unequivocal language that he is not entitled to recover. Therefore, the court erred in overruling appellant's motion to strike out the parts of respondent's reply relating to the oral contract of insurance and further erred in refusing to sustain appellant's demurrers to the evidence at the close of respondent's case and at the close of the entire case. Quigley v. King, 182 Mo. App. 196; State ex rel. Bush v. Sturgis, 221 S. W. 91; Schwabe v. Moore, 187 Mo. App. 74; Davis v. Western Union Teleg. Co., 198 Mo. App. 692; George Gifford Co. v. Willman, 187 Mo. App. 29; Cockrell v. Williams, 195 Mo. App. 400; Lebrecht v. New State Bank, 199 Mo. App. 642; Goller v. Oil & Supply Co., 179 Mo. App. 48; Third Nat'l Bank of St. Louis v. St. Charles Savings Bank, 244 Mo. 554; Schnitzer v. Excelsior Powder Mfg. Co., 160 S. W. 282, 284; Brasel v. W. T. Letts Box & Cooperage Co., 220 S. W. 984; Sunderland v. Hackney Mfg. Co., 192 Mo. App. 287. (5) The court erred in overruling appellant's objections to the evidence offered by respondent in regard to the conversations which respondent claims to have had with appellant's soliciting agent prior to or at the time respondent signed the application

for the policy in suit, in which respondent claims the agent agreed that respondent would be insured from within twenty-four hours after he signed the application, since all such conversations, irrespective of the authority of the agent, were merged; first, in the written application, and, second, in the written policy of insurance sued upon, there being no allegation of fraud, accident or mistake and no claim that the policy of insurance sued upon was not the policy applied for. · Wright v. Great Eastern Casualty Co., 206 S. W. 428; Supreme Lodge K. of P. v. Dalzell, 223 S. W. 786; Goller v. Oil & Supply Co., 179 Mo. App. 48; General Accident & Life Ins. Co. v. Owen Bldg. Co., 195 Mo. App. 371; Calloway v. McKnight, 180 Mo. App. 621; Outcult Advertising Co. v. Barnes, 176 Mo. App. 307; Sunderland v. Hackney Mfg. Co., 192 Mo. App. 287; Farmers State Bank v. Sloop, 200 S. W. 304; Graham v. Ins. Co., 110 Mo. App. 95; Baker v. McMurry Contracting Co., 223 S. W. 45; Beheret v. Myers, 240 Mo. 58; Humana Co. v. Hughes, 213 S. W. 515, Rigler v. Reid, 186 Mo. App. 111; Gimbel Bros. v. Mitchell, 219 S. W. 676; Third National Bank of St. Louis v. St. Charles Savings Bank, 244 Mo. 554; Feren v. Epperson Investment Co., 196 S. W. 435; Harms v. Long, 213 S. W. 507; Duncan v. Spencer, 211 S. W. 698; Marshall-Hall Grain Co. v. P. H. Boyce Merc. Co., 211 S. W. 725; Hall v. K. C. Southern Ry. Co., 209 S. W. 582; Highland Investment Co. v. K. C. Computing Scales Co., 209 S. W. 895; Bank of Dexter v. Simmons, 204 S. W. 837; First National Bank v. Henry, 202 S. W. 281; Brimm v. Alexander, 185 Mo. App. 599; Patt v. Leavel, 161 Mo. App. 242. (6) The court erred in refusing to give appellant's instructions in the nature of demurrers to the evidence at the close of respondent's case and at the close of the entire case. Authorities under Points 4 and 5 (supra).

*Hall & Dame* for respondent.

(1) The provisions of an application for insurance where made for the benefit of the insurance company

may be waived by the conduct of the insurance company. The provision of an application for insurance that the insurance is not to take effect until the policy is delivered to the applicant while in good health is waived if the insurance company collects the premium for the insurance and keeps it and attempts to make further collection of premiums, although the company never delivers the policy to the applicant. Rhodus v. Kansas City Life Ins., 156 Mo. App. 281; Pierce v. New York Life Ins. Co., 174 Mo. App. 383; Keyes v. Life Ins. Co., 161 S. W. 345; Lange v. New York Life Ins. Co., 254 Mo. 488; Jones v. Prudential Ins. Co., 173 Mo. App. 1; State ex rel. Equitable L. A. A. v. Robertson, 191 S. W. 989. (2) An agent of an insurance company authorized to solicit applications for insurance and to collect premiums and deliver policies can waive provisions of the application or the policy. Such agent may by express agreement or conduct waive a provision of the application that the insurance is not to take effect until the policy is delivered to the applicant while in good health. This is especially true where the insurance company by its conduct ratifies the action of the agent. Kring v. Ins. Co., 195 Mo. App. 133; Schuler v. Met. Ins. Co., 191 Mo. App. 52; Madsen v. Prudential Ins. Co., 185 S. W. 1168; Halsey v. American Ins. Co., 258 Mo. 659; Springfield Laundry Co. v. Ins. Co., 151 Mo. 90; Ormsby v. Ins. Co., 98 Mo. App. 371. (3) The premium paid by the plaintiff at the time of making the application and which the application stated paid the policy to February, 1917, was the consideration to defendant for the contract of insurance entered into with plaintiff. There was but one contract of insurance. Plaintiff was entitled to insurance for the full term which this payment covered. As the application, as well as the policy, stated that the premium was paid to February 1, 1917, and as plaintiff paid for a full month's insurance, his insurance would begin January 1, 1917. Halsey v. Am. Cent. Ins. Co., 258 Mo. 659. (4) Plaintiff's petition states his cause of action. Plaintiff's reply was merely avoidance of matters of defense set up in defendant's answer.

Schuler v. Metropolitan Life Ins. Co., 191 Mo. App. 52. (5) The rule that verbal statements prior to or contemporaneous with the reducing of the contract to writing are merged into the writing is relaxed in the case of insurance contracts, to prevent miscarriage of justice. 16 L. R. A. (n. s.) 1165, Note; People's Ins. Co. v. Gayne, 79 Ark. 315. (6) Plaintiff is entitled to indemnity for the loss accrued after the inception of the contract of insurance, whether the accident from which the loss arose occurred before or after the inception of the contract. The words of the policy make this construction of the contract unavoidable. (8) When under the undisputed facts plaintiff was entitled to a verdict for the amount which the jury awarded, any errors of the trial court would not affect the merits or prejudice defendant's rights and would be harmless, and would not be grounds for reversal. Sections 1276, 1513, 1550, 1551, R. S. 1919.

BRUERE, C.—This is an action on an accident policy issued by the appellant to the respondent. A trial by jury was had in the circuit court of the city of St. Louis, which resulted in a verdict in favor of the respondent. From a judgment on that verdict appellant appeals.

The petition alleged "that the defendant on or about the *31st day of December, 1916,* in consideration of the payment of policy fee and premium of two dollars, paid by said B. B. Banks to defendant, and of a premium of two dollars to be paid on or before the first day of each month thereafter by said B. B. Banks, entered into a contract of insurance with the said B. B. Banks and thereupon issued its policy of insurance No. 116,072, whereby it insured said B. B. Banks as accident indemnity in the sum of sixty dollars per month, or at said rates for any proportionate part of a month," etc., reciting the indemnity provisions of the policy.

The petition further alleged that said policy of insurance was not in plaintiff's possession, but was in the

possession of the defendant, and that the plaintiff was entitled to the possession of the same; that plaintiff made his application for insurance to the defendant on the 31st day of December, 1916, and that prior to January 7, 1917, the defendant accepted the said application in accordance with its terms and provisions, and issued its policy of insurance as aforesaid; that said insurance policy was delivered for plaintiff to one J. M. Weil, who wrongfully failed to hand over said policy to plaintiff but wrongfully retained said policy and returned it to the defendant.

The petition further alleged that *on January 7, 1917, while said contract and policy of insurance was in force,* the plaintiff met with an accident and by reason of said accident he was wholly disabled from the performance of every kind of labor, pertaining to any business or occupation, until the 27th day of August, 1917, The petition asks judgment against the defendant for four hundred and sixty dollars with interest, ten per cent damages for vexatious refusal to pay and attorneys fees.

The answer contained a general denial and the following affirmative defenses: (1) That the policy sued on was never delivered and never became a contract of insurance. Appellant in its brief states that this defense is not relied upon here. We will therefore treat this defense as abandoned here. The answer, as a second affirmative defense, alleged that plaintiff was not insured as to the injury sued for in his petition, because plaintiff's injury occurred on January 7, 1917, and the policy was not issued until January 8, 1917; and that the policy only insured plaintiff from 12 o'clock noon, standard time, of the 8th day of January, 1917, to 12 o'clock noon, standard time, on the 1st day of February, 1917.

The reply denied the allegation of the answer and alleged that defendant had waived the condition and provision contained in said policy requiring the policy to be delivered to the plaintiff before the contract of insurance became effective; and further replying to the

second affirmative defense, set up in the answer, alleged that whatever provisions or statements were contained in said policy as to the date when the policy became effective, later than the date of plaintiff's said injuries, were waived by defendant; that the said application for insurance was accepted and the said contract of insurance became effective prior to the time when plaintiff received his injury; that the defendant represented to plaintiff and agreed with plaintiff that the said policy should and would take effect within twenty-four hours after the time of signing said application, and that said contract of insurance was actually entered into prior to the time when plaintiff received his injury.

The facts, pertinent to the issues raised here, disclosed by the evidence, are: "On December 31, 1916, the plaintiff signed a written application for the policy sued on. The application was made out by J. M. Weil, defendant's local solicitor and agent. Said agent was employed by the defendant company to take applications for insurance and sent them to the defendant for rejection or acceptance. The evidence showed that he was also authorized to collect premiums; but there was no evidence introduced showing that he had the authority to issue or countersign policies or to make contracts of insurance on behalf of the defendant company.

The said application for insurance consists of questions and answers. The questions and answers relevant to the issues here are: "Do you apply for a policy of insurance in the Clover Leaf Casualty Company based upon the following statements and warrant them to be complete and true? And do you agree to accept the policy with all its provisions, the classifications fixed by the company, and agree that the statements made shall be a part of any policy issued herein? (Answer) Yes. Do you understand and agree that the insurance hereby applied for will not be in force until the payment of the premium in advance and the delivery of the policy to you while in good health and free from injury? (Answer) Yes."

The plaintiff, over the objection of the defendant, introduced evidence tending to show that J. M. Weil, defendant's solicitor, at the time plaintiff's said application for insurance was taken, said that the policy would take effect twenty-four hours after the application was made. Plaintiff's testimony, regarding this statement, was that Mr. Weil told him, contemporaneously with the taking of his application, that the policy would take effect in twenty-four hours from the time he paid his money to him. At the time plaintiff signed said application he paid J. M. Weil two dollars, being the policy fee; the premium of the policy was to be paid to defendant's collecting agent. The following is the blank form of a receipt filled out- and delivered by defendant's solicitor, J. M. Weil, to the plaintiff at the time the two dollars were paid him by plaintiff:

First Payment Receipt.

Date . . . . . . . .

Received of . . . . . . . . an application for a policy in the Clover Leaf Casualty Company, of Jacksonville, Illinois, and the sum of . . . . . dollars being payment of policy fee and initial premium on same. Should the Company decline to issue a policy to the above-named applicant within thirty days of this date, I agree to refund said amount.

. . . . . . . .

Agent.

Subsequent premiums are payable to our authorized collectors or to the Home Office at Jacksonville, Illinois.

The application was taken and signed in the city of St. Louis, on December 31, 1916, and was sent to the defendant at Jacksonville, Illinois, and received by it on January 8, 1917. The defendant executed its policy No. 116,072, being the policy sued on, on January 8, 1917. The plaintiff introduced said policy in evidence. It provides that "in consideration of the payment of the policy fee of two dollars and the premium of two dollars in advance, and the warranties and agreements contained in the application for this policy, which by the acceptance

of the same the insured warrants to be complete, true and material, does hereby insure B. B. Banks subject to the provisions and conditions herein contained and endorsed hereon, from 12 o'clock noon, standard time, of the day this contract is dated to 12 o'clock noon, standard time, of the 1st day of February, 1917, and for such further periods as are indicated by the official receipts of the company, as a Class D. risk, against loss resulting," etc. The policy further contains the following clause: "No agent has authority to change this policy or to waive any of the provisions. No change in this policy shall be valid unless approved by an executive officer of of the company and such approval be indorsed thereon."

The defendant sent the policy to defendant's agent, J. M. Weil, for delivery. The plaintiff was injured on the morning of the 7th of January, 1917. Mr. Weil having learned that the plaintiff was injured and in the hospital did not deliver the policy to the plaintiff but returned it to the company and tendered back to plaintiff the two dollars received from him, but defendant refused to accept the same. The defendant in its answer also made tender of said two dollars to the plaintiff.

At the close of the entire case the defendant offered a peremptory instruction in the nature of a demurrer to the evidence, which the court refused to give. Counsel for appellant insist that the demurrer should have been given.

Viewing every fact in evidence in that light which is most favorable to the plaintiff we are forced to the conclusion that appellant's contention is well taken. This is a suit at law declaring on the policy of insurance as issued. No reformation of the policy is prayed for. There is no allegation in the petition that, by reason of fraud or mutual mistake, the contract of insurance does not speak the agreement of the parties. The provisions of the policy are unambiguous and clear. It contains no provision as contended for but plaintiff relies upon an alleged oral contract of insurance, which is entirely dif-

ferent from the contract declared on. It is elementary that one cannot declare on one contract and recover on a totally different one, he must recover, if at all, upon the cause of action stated in his petition.

The policy declared on was effective from 12, o'clock noon of the 8th day of January, 1917. The contract is in writing and is the conclusive contract of the parties thereto, until impeached by fraud or mutual mistake. No attempt was made to impeach the contract sued on by fraud or mutual mistake. Plaintiff simply seeks to abrogate the terms of the contract by proof of an oral agreement made prior to the execution of the written contract. All antecedent or contemporaneous oral agreements are merged in the written contract and cannot be admitted to abrogate or vary its unambiguous terms; until corrected it stands as the final contract between the parties. [Insurance Co. v. Mowry, 96 U. S. 546; Graham v. Insurance Co., 110 Mo. App. 98, 84 S. W. 93; Insurance Co. v. Owen Building Co., 195 Mo. App. 373, 192 S. W. 371; Insurance Co. v. Wolfson, 124 Mo. App. 1. c. 291, 101 S. W. 162; Supreme Lodge K. P. v. Dalzell, 223 S. W. 1. c. 789; Schuler v. Met. Life Insurance Co., 191 Mo. App. 72, 176 S. W. 274; Gillum & Co. v. Fire Association, 106 Mo. App. 677, 80 S. W. 283; Riley v. Insurance Co., 117 Mo. App. 233, 92 S. W. 1147; National Union Fire Ins. Co. v. Patrick, 198 S. W. 1050.]

Plaintiff's injury, sued for in his petition, occurred on January 7, 1917, one day before the policy sued on was effective. Therefore, there was no liability shown under the cause of action stated in the petition.

Plaintiff seeks to nullify the rule that, in the absence of fraud or mutual mistake, parol evidence is not admissible to contradict a written contract, by claiming that the provision in said policy, making the policy effective on the 8th day of January, 1917, was waived by the defendant. For proof of waiver, plaintiff says that defendant's solicitor told plaintiff, contemporaneously with the taking of his application for the policy in question, that the policy would take effect twenty-four hours after his

application was made. The intention of the parties was reduced to writing and is expressed in the written application signed by the plaintiff. Said application does not contain any such provision as is claimed, but on the contrary it provides that the insurance, therein applied for, was to be in force at a date subsequent to the date of the application. Plaintiff is bound by his statements contained in said application, there being no evidence introduced showing that the application was procured by fraud. Said written application was forwarded to the defendant and the policy issued thereon was in strict conformity thereto. No evidence was introduced in this case showing that defendant's officers, who issued said policy, had any knowledge that said alleged statement was made. There is no evidence here of any fraud practiced or mistake made on the part of the defendant in procuring the application or in issuing the policy.

Moreover, the application for insurance was a mere request, on the part of the applicant, for insurance and was not binding until accepted by the defendant; no such acceptance was shown.

Furthermore, the alleged oral statement of J. M. Weil was not binding on the defendant for the reason that there was no evidence introduced showing that J. M. Weil was authorized to make contracts of insurance on behalf of the defendant. The evidence disclosed that the said agent's authority went no further than to take applications for insurance, collect the policy fee, forward the application to the defendant, for its acceptance or rejection, and deliver the policy when issued under defendant's direction. The alleged oral contract of insurance of the soliciting agent, which the defendant did not authorize or ratify, cannot be imputed to it. [Rhodes v. Life Insurance Co., 156 Mo. App. 281, 137 S. W. 907; Kring v. Insurance Co., 195 Mo. App. 1. c. 135, 189 S. W. 628; Beswick v. National Casualty Co., 226 S. W. 1031; Graham v. Insurance Co., 110 Mo. App. 95, 84 S. W. 93; Insurance Co. v. Mowry, 96 U. S. 546; Floars v. Aetna

Life Insurance Co., 56 S. E. 917; 1 Joyce on Insurance, sec. 716.]

Nor can it be said that the defendant, by accepting the two dollars premium paid its agent, ratified the alleged acts of said agent. Aside from the rule, that there can be no ratification without knowledge on the part of the defendant of the act claimed to be ratified by it, the premium paid to the agent insured the plaintiff, according to the contract of insurance, beginning the 8th day of January, 1917.

There is no question of waiver by the defendant of the terms of the policy in this case. The question is simply one of evidence. Obviously the plaintiff is proposing to abrogate the terms of a written contract, plain and unambiguous on its face, by parol testimony, without pleading or showing fraud or mutual mistake. This proposition cannot be entertained. Proof of such oral testimony should have been rejected by the trial court. It follows that the judgment of the circuit court of the city of St. Louis should be reversed; the Commissioner so recommends.

PER CURIAM:—The opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the circuit court of the city of St. Louis is accordingly reversed. *Allen, P. J., Becker* and *Daues, JJ.,* concur.