H. J. FOURSHA, RESPONDENT, v. THE AMERICAN INSURANCE COMPANY, A CORPORATION, APPELLANT.

In the Springfield Court of Appeals.    January 15, 1931.

*H. W. Timmonds* for appellant.

*W. S. Pelts* and *Thos. W. Martin* for respondent.

COX, P. J.—Action upon an alleged oral contract of insurance upon an automobile. Plaintiff recovered and defendant appealed.

Plaintiff's testimony tended to show that he was the owner of an automobile which, it was alleged, was insured by defendant for the sum of $400. That he applied to W. H. Pemberton, the agent of defendant at Golden City, Missouri, for insurance on his automobile in the sum of $400. That Mr. Pemberton had him sign a paper and then told plaintiff that his car was insured for $400 from noon of that day. Plaintiff paid to Mr. Pemberton at that time $7.20, the

amount of the premium for one year. The automobile was destroyed by fire three days later and was at that time worth $600 or $700. That he had demanded payment of the $400 which had been refused.

The evidence of defendant tended to show that the value of the automobile was less than $400 and that plaintiff had made false representations as to the condition of the automobile. That the agent of defendant, W. H. Pemberton, was only a soliciting agent of defendant and had no authority to make contracts of insurance for defendant. All he could do was to take applications for insurance and send these to the company for acceptance or rejection and until the application had been accepted there would be no contract of insurance. The agent could collect premiums and remit to the company and if the company accepted the application and wrote a policy thereon, the policy would be sent to the agent and by him delivered to the insurer. Mr. Pemberton denied that he told plaintiff that his car was insured from noon of the day the application was signed and the premium for one year paid.

Defendant filed a demurrer to plaintiff's evidence and renewed it at the close of all the evidence. These were overruled and exceptions saved.

For the plaintiff the court instructed the jury that if they should find from the evidence that W. H. Pemberton was the agent of defendant for the purpose of contracting insurance and receiving the premium therefore and that plaintiff applied to said Pemberton for insurance on his automobile and paid to Pemberton the premium therefor and Pemberton had authority from defendant to receive the same and Pemberton told the plaintiff at the time that his car was insured from noon that day, then they should find for plaintiff.

For defendant the jury were instructed that if they should find that Pemberton only had authority to accept applications for insurance and submit them to defendant for approval or rejection and that plaintiff's application was sent to the company by Pemberton and by the company rejected, then there was no contract of insurance and they should find for defendant.

The jury were also instructed in relation to false representations as asked by defendant.

All the instructions asked by defendant were given. The instruction for plaintiff submitted to the jury the question of the authority of Mr. Pemberton, the agent of defendant, to make an oral contract of insurance binding the defendant and whether he did, in fact, make such a contract. It was conceded that plaintiff paid to Mr. Pemberton, the agent of defendant, $7 20, the amount of premium for one year at the time he applied for the insurance. Plaintiff's evidence was sufficient to sustain a finding that plaintiff was then informed by the agent that his car was insured from noon of that day. The

result in this case, therefore, must depend upon whether or not the agent of defendant had authority to bind defendant by his agreement with plaintiff that his car was insured from noon of the day on which he applied for the insurance and paid the premium for one year. The defendant's evidence was to the effect that this agent did not have such authority. The defendant is a New Jersey corporation authorized under the laws of this State to do business in this State. The law of this State prescribing how foreign insurance companies may be authorized to do business in this State and what shall be required of them when so authorized contains the following provisions.

"Section 6315, R. S. 1919—FOREIGN COMPANIES SHALL TRANSACT BUSINESS THROUGH RESIDENT AGENTS— Foreign companies admitted to do business in this State shall make contracts of insurance upon property or interests therein only by lawfully constituted and licensed resident agents who shall countersign all policies so insured. . . ." This statute was enacted in 1897. At that time insurance companies usually had two classes of agents. One class were agents of limited authority and could do no more than take applications for insurance and forward them to the company for acceptance or rejection. These agents were known as soliciting agents and when they received and sent to the company an application for insurance there was no contract of insurance until the application had been accepted by the company. The other class of agents were what is known as recording agents. These agents countersigned all policies issued through their agencies and were held by the courts to be general agents for the transaction of business with persons who applied to them for insurance and could bind the company by their acts and by knowledge of facts on questions of notice, waiver, etc. The evident purpose of Legislature in enacting the above section of the statute was to fix by law the status of agents of foreign fire insurance companies doing business in this State so that when questions should arise between the insurer and the insured as to the authority of an agent of the insurance company to bind the company, the company should not be permitted to defend against a claim of the insured upon the ground that the agent of the company with whom the insured had transacted business was an agent of limited authority, but in all such cases the agent should be regarded as having the same authority as he would have if he were, in fact, a recording agent and required to countersign all policies issued to parties through his office. [Sheets v. Insurance Co., 153 Mo. App. 620, 135 S. W. 80; Murphy v. Great American Ins. Co., 221 Mo. App. 727, 285 S. W. 772; Prichard v. Conn. Fire Ins. Co., 203 S. W. 228; McNabb v. Niagara Fire Ins. Co., 22 S. W. (2d) 364, 366.]

Our conclusion is that when it was conceded that Mr. Pemberton was the agent of defendant, that he had authority to, and did, take

the application of plaintiff for insurance and received from plaintiff for defendant, the premium to pay for insurance upon the car of plaintiff for one year, the statute above set out fixed the status of such agent as a recording agent or general agent of defendant and clothed him with authority to bind defendant by an oral contract of insurance.

Under the facts in this case the court would have been justified in instructing the jury that the agent of defendant had authority to bind defendant by an oral contract of insurance instead of submitting the question as one of fact to be found by the jury. There was certainly no error committed by the court against defendant in the instructions as given. The defendant cannot be permitted to defend upon the ground that its business with plaintiff was done in violation of our statutory law.

Some questions have been raised as to the admissibility of evidence which we have examined and find no reversible error in relation thereto.

We have been cited by appellant to a number of cases which, it is thought, hold an insurance company may limit the power of its agents. Some of these, like Rhodes v. Kansas City Life Ins. Co., 156 Mo. App. 281, 137 S. W. 907; Haines v. Insurance Co., 7 S. W. (2d) 479, in which the insurance company was a Missouri corporation to which the statute above does not apply or as Banks v. Clover Leaf Casualty Co., 207 Mo. App. 357, 368, 233 S. W. 78, in which the policy had been issued and the suit was based on the policy as written, and some other cases, all of which we have examined, but do not find that they are authority as applied to the facts in this case.

The judgment will be affirmed. *Bailey* and *Smith, JJ.*, concur.