# BAILEY v. LIFE & CASUALTY INS. CO. OF TENNES-SEE.—250 S. W. (2d) 99.

Middle Section.   November 30, 1951.

Petition for Certiorari denied by Supreme Court, June 7, 1952.

William J. Harbison, and Trabue & Sturdivant, all of Nashville, for plaintiff in error.

Walker & Hooker, and David M. Keeble, all of Nashville, for defendant in error.

HICKERSON, J.   Mrs. Mary Juanita Bailey brought this suit against Life & Casualty Insurance Company of Tennessee to recover upon a policy of life insurance issued by defendant upon the life of J. R. Bailey with plaintiff named as beneficiary.

Defendant pleaded the general issue; and also by special plea tendered the sum of $8.25 which J. R. Bailey had paid to the agent of defendant as a part of the first premium.   (For convenience J. R. Bailey will be referred to as insured.)

Judgment was entered upon a jury verdict for the face amount of the policy, including double indemnity, it being admitted that insured met his death by accident; and the policy provided for double benefits in such event.

From that judgment, defendant appealed in error to this Court.

These determinative questions are presented to this Court:

(1) Did the court err in admitting in evidence the statement of J. M. Crump, agent of defendant, whereby plaintiff sought to show that defendant could not rely upon the defense of forfeiture for nonpayment of premium and nondelivery of policy to insured while he was insurable?

(2) Did J. M. Crump have actual authority to accept part of the first premium from insured and put the policy into immediate effect, giving insured thirty days to pay the balance of the first premium, when the application and the policy contained provisions to the contrary?

(3) Did J. M. Crump have apparent or ostensible authority to accept part of the first premium from insured and put the policy into immediate effect, giving insured thirty days to pay the balance of the first premium, when the application and the policy contained provisions to the contrary?

(4) Did defendant waive, ratify, or estop itself to rely upon the provisions of the policy and the application which state that the policy shall not be effective until the first premium is paid in full and the policy delivered to insured while he was insurable?

(5) Did the trial judge err in refusing to direct a verdict for defendant upon its motion?

As the case comes to this Court, there is no dispute about the facts. As soliciting agent of defendant, J. M. Crump discussed life insurance with J. R. Bailey. On September 12, 1949, they agreed upon an endowment policy in the amount of $5,000 with double indemnity in the event of accidental death,

Written application was made for the insurance signed by J. R. Bailey. Mr. Crump represented to insured that the policy would take effect immediately if a cash payment were made at the time the application was executed. Insured paid $8.25 as a partial payment on the first premium, then signed the application. This application provides:

"It Is Understood and Agreed: (1) that the foregoing statements and answers, together with those made in Part B hereof, are full, complete and true, and are offered to the Company as a consideration for the insurance applied for:

"(2) That the Company shall incur no liability under this application until it has been received, approved, and a policy issued and delivered, and the full first premium stipulated in the policy has actually been paid to and accepted by the Company during the lifetime and continued insurability of the applicant, in which case such policy shall be deemed to have taken effect as of the date of issue as recited on the first page thereof, except that if the applicant pays in cash to the Company on the date this application is signed an amount equal to the full first premium in the policy applied for, then if the Company shall be satisfied that at the time of the completion of the medical examination or of Part B of the application, if no medical examination is required, that the applicant was a risk acceptable to the Company under its rules, for the plan and amount of insurance herein applied for at the rate of premium declared paid, then the insurance applied for shall be in force as of the date of the completion of the medical examination, or of Part B of the application, if no medical examination is required;

"(3) With the exception of officers of the Company, notice to or knowledge of the agent, medical examiner or any other person is not notice to or knowledge of the Company unless stated in either Part A or B of this application, and none of such persons are authorized to accept risks or pass upon insurability, nor shall any of such persons have the power on behalf of the Company to make or modify any contract on behalf of the Company or to waive any of the Company's rights or requirements;

"(4) In case of apparent errors or omissions discovered by the Company in Parts A or B hereof, or in case the Company, according to its rules, should issue a policy different from that applied for above, the Company is hereby authorized to amend this application in the space entitled 'Corrections and Amendments,' and the applicant's acceptance of any policy issued on this application shall constitute a ratification by the applicant of such amendments."

Mr. Crump gave insured a receipt for the $8.25 payment on the first premium. This receipt provides:

"If this sum is equal to the full first premium on the policy applied for then if the Company shall be satisfied that at the time of the completion of the medical examination or Part B of the application, if no medical examination is required, that the risk was acceptable to the Company under its rules for the plan and amount of insurance herein applied for at the rate of premium declared paid, then the insurance applied for shall be in force as of the date of the completion of the medical examination or of Part B of the application if no medical examination is required, but otherwise no insurance shall be in force under said application unless and until a policy has been

issued and delivered, and the full first premium stipulated in the policy has actually been paid to and accepted by the Company during the lifetime and continued insurability of the applicant.''

The policy which was issued pursuant to this application provides:

"Premiums. This Policy shall not take effect until the first premium shall have been paid in cash and the contract delivered and accepted during the lifetime of the Insured.

\* \* \* \* \* \*

"The Company's Agents have no authority to alter or amend this Policy, to accept premiums in arrears, or to extend the due date of any premium.''

Neither plaintiff nor insured read the application or the receipt.

Insured had elected to pay his premiums annually. The First annual premium was $136.20. Defendant does not accept premiums of less than $5, and does not accept premiums on ordinary life policies, such as the one in question, on any basis except annual, semiannual, quarterly, or monthly. The amount paid by insured would not have kept his policy in force for one month since the monthly premium would have been $12.10.

Mr. Crump delivered the application signed by J. R. Bailey and the initial deposit of $8.25 to the district office of defendant out of which he worked. This initial deposit was placed in the district office ''suspense account.'' A medical examination was arranged by Mr. Crump and the application was processed and sent from the district office to the home office of defendant.

The application was received by the home office and took the usual course of all applications. It was approved and a policy was issued on September 22, 1949. The an-

niversary date of the policy for the collection of premiums, the running of the incontestable provisions, and the maturity of the endowment provisions was September 22d. The home office prepared a card for this policy showing the dates on which premiums would become due and sent a duplicate of this card together with the policy to the district office.

On September 23, 1949, the policy was handed to Mr. Crump for the purpose of delivering it to the insured. Mr. Crump was given an official receipt which would be given by him to insured when the first full premium was collected. He was also given a voucher of $61.29 for his commission.

J. R. Bailey was killed by accident on October 1, 1949, before this policy was delivered to him. The only payment which was made on the first premium prior to his death was the initial payment of $8.25. After Mr. Bailey's death defendant tendered this initial payment to plaintiff who refused to accept it. This initial payment remained in the district office. It was never sent to the home office because the transaction was never completed by delivery of the policy to insured and by collection of the balance of the first premium.

Plaintiff tendered the balance of the first annual premium on this policy to defendant after the death of her husband and this tender was refused by defendant.

Mr. J. M. Crump, who obtained the application in this case, was a soliciting agent for ordinary life insurance policies for defendant with authority to take applications, arrange for medical examinations, deliver the policies, and accept the premiums. He was not an officer of the company. He did not issue or countersign policies or accept or reject applications.

582

■ 1. Oral statements made before and at the time of the signing of an application for insurance are not admissible to vary the plain unambiguous terms of the written application. Hammer v. American United Life Insurance Company, 24 Tenn. App. 119, 141 S. W. (2d) 501; Whitney v. Union Central Life Insurance Company, 8 Cir., 47 F. (2d) 861; Bankers' Reserve Life Company v. Yelland, 9 Cir., 41 F. (2d) 684; Sellars v. Continental Life Insurance Company, 4 Cir., 30 F. (2d) 42; Lumber Underwriters of New York v. Rife, 237 U. S. 605, 35 S. Ct. 717, 59 L Ed. 1140; Banks v. Clover Leaf Casualty Company, 207 Mo. App. 357, 233 S. W. 78; Peoples Life Insurance Company v. Parker, 179 Va. 662, 20 S. E. (2d) 485; Mitchener v. Union Central Life Insurance Company, 185 Ga. 194, 194 S. E. 530; 8 Couch, Cyclopedia of Insurance Law, Section 2182; 29 Am. Jur. 151, Insurance, Section 135, and page 1124, Section 1500.

■ ■ Where plaintiff relies upon the doctrine of waiver, estoppel, and ratification to defeat insurer's right to rely upon certain provisions of the policy, the statements and representations of an agent made before or at the signing of an application in conflict with its terms are admissible; not to vary the terms of the written application, but to be considered with other evidence on the subjects of waiver, estoppel, and ratification. Continental Insurance Company v. Schulman, 140 Tenn. 481, 205 S. W. 315; Umstattd v. Metropolitan Life Insurance Company, 21 Tenn. App. 312, 110 S. W. (2d) 342.

The trial court correctly admitted in evidence the testimony of plaintiff about which defendant complains.

■ 2. Any contractual provision in a policy of insurance, made for the benefit of the insurer, not mandatory under a statute, may be waived by an officer or agent· of insurer who has actual or apparent authority so to do.

Furthermore, the insurer by express words or by acts or by a course of conduct may ratify the acts of its unauthorized agents relating to such provisions, or be estopped to rely upon them, American Central Insurance Company v. McCrea, 76 Tenn. 513, 41 Am. Rep. 647; Murphy v. Southern Life Insurance Company, 62 Tenn. 440, 27 Am. Rep. 761; Gordon v. United States Casualty Company, Tenn. Ch. App., 54 S. W. 98; Kansas City Life Insurance Company v. Davis, 9 Cir., 95 F. (2d) 952; 44 C. J. S., Insurance Section 275, page 1098.

■ J. M. Crump did not have actual authority to accept part of the first premium on this insurance contract, grant thirty days to pay the balance, and put the policy into immediate effect contrary to its provisions and to the provisions of the application which state that the first premium must be paid in full and the policy delivered to insured while he is insurable before the policy became effective. There is no evidence that Mr. Crump had actual authority to change these written requirements of the application and policy.

3. Did J. M. Crump have apparent or ostensible authority to accept part of the first premium from insured and put the policy into immediate effect, giving insured thirty days to pay the balance of the first premium when the application and the policy contained provisions to the contrary?.

■ Apparent or ostensible authority results when a principal knowingly permits an agent to exercise certain authority in his behalf or holds the agent out as possessing certain authority to act for the principal, though such authority was never actually granted. Apparent authority must be traceable to the principal and cannot be proved solely by the acts or representations of the agent. DeFord v. National Life & Accident Insur-

ance Company, 182 Tenn. 255, 185 S. W. (2d) 617; Continental Insurance Company v. Schulman, 140 Tenn. 481, 205 S. W. 315; Umstattd v. Metropolitan Life Insurance Company, 21 Tenn. App. 312, 110 S. W. (2d) 342; 2 Am. Jur., Pages 82-90, Agency, Sections 101-105.

■ As stated J. M. Crump was merely a soliciting agent of defendant who secured applications, turned them over to defendant for approval and for the preparation of the policy after defendant had issued it and returned it to him, and collected the premiums therefor, remitting same to the company. He could not approve the application; issue the policy; fix the premiums; change the premiums; or decide the effective date of the policy. These decisions were made by others. There is no evidence that any officer of defendant knew that Mr. Crump was representing to the applicant that the insurance would take effect at a time different from that which was stated in the written application and in the policy itself.

We hold that there is no evidence to show that Mr. Crump had apparent or ostensible authority to abrogate the positive terms of the application and the policy relating to the effective date of the policy.

4. Did defendant waive, ratify, or estop itself to rely upon the provisions of the policy and the application which state that the policy .shall not be effective until the full first premium is paid and the policy delivered to insured while he was insurable?

■ There can be no waiver of the provisions of a written contract unless the party making the waiver has full and complete knowledge of the facts. Somerville v. Gullett Gin Company, 137 Tenn. 509, 194 S. W. 576; Arnold v. Locomotive Engineers Mut. Life & Accident Insurance Association, 30 Tenn. App. 166, 204 S. W. (2d)

191; Umstattd v. Metropolitan Life Insurance Company, 21 Tenn. App. 312, 110 S. W. (2d) 342.

Waiver is the relinquishment of a known right. Baird v. Fidelity-Phenix Fire Insurance Company, 178 Tenn. 653, 162 S. W. (2d) 384, 140 A. L. R. 1226. Certainly defendant could not ratify the statements and representations of J. M. Crump when it had no knowledge of them. Continental Insurance Company v. Schulman, supra; Umstattd v. Metropolitan Life Insurance Company, supra.

█ There is no evidence that any officer of defendant knew of the statements of J. M. Crump to which plaintiff testified concerning the effective date of the policy.

When defendant received the application and the initial deposit of $8.25 from Mr. Crump, the $8.25 was put into a "suspense fund" in the district office of defendant, there to wait until it was finally determined whether the policy would be issued, the balance of the first premium paid in full, and the policy delivered to insured and put into effect. The application then took the usual course. A medical examination was had, an application was approved, and the policy was issued and returned to Mr. Crump to be delivered by him to insured when the balance of the first premium was paid. By no word nor act did the company indicate that it would put the policy into effect prior to the time required by the application, the receipt, and the policy. We find no evidence in this record of waiver, ratification, or estoppel.

Since the provisions of the application and the policy relating to the effective date of the policy were not changed, waived, or ratified by the defendant, and since defendant did not of itself by its conduct estop itself to rely upon such provisions, the provisions are binding upon the insured and upon plaintiff who is the beneficiary under the policy.

5. For the reasons stated, we hold, as a matter of law, that:

(1) J. M. Crump had no actual or apparent authority to change the effective date of the policy by oral representations when the effective date was plainly stated in the application, the receipt given for the initial deposit, and the policy.

(2) Defendant did not waive or estop itself to rely upon these written provisions of the application and the policy concerning the time when it would become effective.

(3) Furthermore, defendant did not ratify the acts and representations of its soliciting agent whereby he attempted to change the effective date of the policy by oral representations which were directly contrary to the written provisions of the application and the policy.

■ When an application for insurance plainly states the limitations upon the authority of the soliciting agent and the conditions under which the policy will become effective, the applicant is charged with the knowledge of such limitations and conditions. Arnold v. Locomotive Engineers, etc., Insurance Association, 30 Tenn. App. 166, 204 S. W. (2d) 191; Distassio v. American United Life Insurance Company, 238 Mo. App. 279, 179 S. W. (2d) 610; Braman v. Mutual Life Insurance Company, 8 Cir., 73 F. (2d) 391.

The trial judge erred when he refused to direct a verdict for defendant and enter judgment thereon dismissing plaintiff's suit. Judgment will be entered in this Court correcting that error and dismissing plaintiff's suit.

All costs will be taxed against Mrs. Mary Juanita Bailey.

Felts and Howell, JJ., concur.