Billy FREEZE and wife, Patricia Freeze, Plaintiffs-Appellees,

v.

HOME FEDERAL SAVINGS & LOAN ASSOCIATION OF MANCHESTER, TENNESSEE, Defendant-Appellant.

Court of Appeals of Tennessee, Middle Section.

Aug. 13, 1981.

Appeal Denied by Supreme Court Nov. 9, 1981.

Robert L. Huskey, Manchester, for plaintiffs-appellees.

Robert C. LeQuire, Garrett, Shields, LeQuire & Glandon, Manchester, for defendant-appellant.

## OPINION

CANTRELL, Judge.

In this case after a trial without a jury, the Chancellor held (1) that an acceleration clause in the defendant-appellant's deed of trust was enforceable, but (2) that because of the defendant-appellant's representations and a course of dealing between the parties, the defendant-appellant was estopped to rely on the acceleration clause.

The plaintiffs-appellees, Mr. Freeze and his wife, have for several years engaged in building and selling houses in Coffee County, Tennessee. Mr. Freeze would finance the construction of the homes by obtaining a letter of commitment from the defendant-appellant, Home Federal Savings and Loan Association, and on the strength of that commitment would obtain construction financing from a local bank. When the house was completed, Home Federal would have Mr. Freeze sign a note and a deed of trust and pay off the Bank. The note and deed of trust would provide that the loan would be repayable over a thirty year period at the then current rate of interest. Mr. Freeze's method of operation usually included leasing the house for a period of a year or more in order to get the benefit of a long-term capital gain treatment for any profit he made on the house. At the end of the one year period he would sell the house and the loan would be transferred by Home Federal to the purchaser. This course of dealing had been followed by the parties on approximately twelve separate transactions since 1968 and in each case Home Federal had transferred the loan at the initial interest rate obtained by Mr. Freeze. Mr. Freeze testified that on the basis of representations made to him by officials at Home Federal, he assumed that the loans were transferrable at the rate of interest in the loan originally made to him. He further testified that in discussing the loans with officials at Home Federal he sometimes questioned the interest rate on the loans which he obtained as being too high but that the Home Federal officials reassured him that the interest rates were going up and that although the interest rate might seem high at the time of the original loan, it would be a premium loan later when he wanted to sell the property. In all the transactions up until the Fall of 1979 the only requirement that Home Federal insisted on was that the prospective purchaser was a reliable individual who would not damage the property or diminish its value. When Mr. Freeze had procured a purchaser that he considered to be reliable and dependable, he would then take the purchaser to Home Federal and Home Federal would take care of all of the paper work concerning the assumption. In every case prior to the Fall of 1979 the interest rate in effect at Home Federal at the time of the sale by Mr. Freeze was higher than it had been at the time he secured the original loan.

The deed of trust used by Home Federal had the following paragraph which is the subject of this litigation:

(9) If during the term of this deed of trust, or any renewal thereof, the grantor or grantors shall execute any instrument of conveyance conveying the property herein described, without written consent and approval of the association, then, at the option of the association or the lawful

holder or holder of the indebtedness herein secured, the entire balance of said indebtedness, principal, interest and service fee, shall immediately become due and payable and the right of foreclosure as herein provided shall immediately accrue.

In the Fall of 1979 Mr. Freeze was informed that Home Federal had adopted a new policy whereby they would allow no assumptions of existing loans unless the purchaser agreed to the current rate of interest rather than the rate of interest specified in the existing note. Mr. Freeze had a purchaser of one of his pieces of property but Home Federal would not arrange the transfer and assumption unless the purchaser agreed to a new interest rate on the loan.

Mr. Freeze then brought this action for a declaratory judgment to obtain a declaration of this right under the acceleration clause of the deed of trust. Home Federal made a motion to dismiss under Rule 12.02 of the Tennessee Rules of Civil Procedure on the strength of the case of *Gunther v. White*, 489 S.W.2d 529 (Tenn.1973). The Chancellor overruled the motion to dismiss. Later, Freeze amended his complaint to include an assertion that Home Federal was estopped to rely on the acceleration clause because of its representations to Mr. Freeze.

■ The first issue raised by the appellant concerns the failure of the Chancellor to dismiss the case when Home Federal first moved to dismiss under T.R.C.P. 12.-02(6). The appellant's theory is that since the Chancellor ultimately granted a motion to dismiss on the validity of the acceleration clause at the close of the plaintiff's proof, and since the complaint at the time the motion was made attacked only the acceleration clause, then the case should have been dismissed at the outset. The appellant asserts that *Gunther v. White, supra*, compels such a result.

However, we think that the Chancellor was not in error in refusing to dismiss the complaint even before it had been amended to allege the facts which support the estoppel theory. In other words, we hold that the complaint states a cause of action even in the light of the authority of *Gunther v. White*. The complaint alleges that the only purpose of the acceleration clause is to protect the lender from having its security jeopardized by a subsequent purchaser who would not take care of the property, and that if a suitable buyer could be found, then Home Federal had the good faith obligation to allow the transfer to take place at the initial rate of interest. In this approach the appellees seek to distinguish *Gunther v. White* and to confine its application to its facts. Therefore, we think that the Chancellor was not obligated to dismiss the cause under the Rule 12.02(6) motion. The fact that he ultimately held that the language in the deed of trust in this case was not distinguishable from the language construed in *Gunther v. White* is not reason to reverse and dismiss this case. The first issue is without merit.

■ The second issue raised by the appellant is as follows:

Under 12.02(6) of the Tennessee Rules of Civil Procedure, are "matters outside the pleadings" limited to sworn affidavits, depositions, admissions or answers to interrogatories?

We are confused by this issue since it seems to have no relation to matters in the record. Appellant argues that a 12.02(6) motion must be treated as a motion for summary judgment when matters outside the pleadings are presented in support of or in opposition to the motion. All of which we concede; but we still cannot find where it is applicable to this case. The record does not show that any matters outside the pleadings were introduced.

The appellant argues that the 12.02(6) motion should have been treated as a motion for summary judgment and, therefore, the plaintiff-appellees were required to make some response by affidavit or otherwise to the 12.02(6) motion. Again, we reiterate that the record does not support the argument of the appellant since no matters outside the pleadings were introduced. Therefore the motion remains a 12.02(6)

motion which does not require the plaintiffs to respond except to the legal arguments by the defendant. Therefore, we find this argument to be without merit.

■ The third issue of the appellant complains of the Chancellor's admission of parol evidence to show the statements made by the officers of the defendant-appellant.

The parol evidence rule starts out as a simple proposition: "Parol evidence cannot be received to vary, add to, detract from, or contradict the terms of a document, or to modify its legal import." *Lee, Tennessee Evidence*, § 100 (1949). From that point the cases wander off into the many exceptions. *Hines v. Willcox*, 96 Tenn. 148, 33 S.W. 914 (1896) deals with some of them.

1. Where the evidence in no way contradicts or alters the terms of the written contract.

2. Where the evidence tends to establish an independent or collateral agreement not in conflict with the writing.

3. To show the inducement for entering into the contract.

4. To show an agreement made subsequent to the execution of the written contract.

5. Where fraudulent representations were made in negotiating the contract.

To this list from *Hines v. Willcox* should be added another; that is, where the plaintiff relies upon the doctrine of estoppel. The Court of Appeals in *Bailey v. Life and Casualty Ins. Co. of Tenn.*, 35 Tenn.App. 574, 250 S.W.2d 99 (1951), in a case involving the terms of an insurance policy made this observation:

> Where plaintiff relies upon the doctrine of waiver, estoppel, and ratification to defeat insurer's right to rely upon certain provisions of the policy, the statements and representations of an agent made before or at the signing of an application in conflict with its terms are admissible; not to vary the terms of the written application, but to be considered with other evidence on the subjects of waiver, estoppel, and ratification.

We think the same rule applies to this case.

It should also be pointed out that the alleged representations by the agents of Home Federal do not contradict the terms of the deed of trust. Paragraph 9 on which Home Federal relies relates only to the right to accelerate the amount due under the note and deed of trust in the event a transfer is made without the approval of Home Federal. The substance of the alleged representations made by Home Federal's agents is that the loans could be assumed by a subsequent purchaser at the same interest rate so long as the purchaser was a suitable one in a general sense. Therefore, the terms are not in conflict. We hold, therefore, that the parol evidence was admissible and that this issue is without merit.

■ The final issue raised by the appellant goes to the essence of this lawsuit and challenges the Chancellor's conclusion that the appellant Home Federal is estopped to rely on the language in Paragraph 9 of its deed of trust.

The Chancellor's decision, of course, comes to us with a presumption of correctness unless the preponderance of the evidence is otherwise. Tennessee Rules of Appellate Procedure, Rule 13.

The decree of the Chancellor includes the following:

> The proof presented in this case reflects that the defendant, Home Federal Savings & Loan Association, was attempting to loan money and wanted to make loans to the plaintiffs, and in fact led him to believe that the loans established by him with their Association and the deeds of trust pursuant thereto were per se transferrable. This finding is supported not only by the direct testimony of the plaintiff, Billy Freeze, but is also confirmed by the testimony through deposition of officials of Home Federal Savings & Loan Association and by the testimony in Court of Mr. Carter who testified on behalf of Home Federal Savings & Loan Association. There is little dif-

ference in the testimonies given. The proof as a whole supports the finding that Mr. Freeze believed these loans established at Home Federal Savings & Loan Association could be transferred and the statements of officials at Home Federal led him to have that belief. The Court further finds that this ruling and finding is limited to these particular parties and this set of facts. Based upon the testimony and proof as a whole, the Court finds that as between the parties for the fifteen (15) loans in existence, the contractual agreement of the parties was and is that the loans are transferrable or assignable by the plaintiffs to a purchaser who is otherwise suitable for a loan with the defendant Association or in other words, it should not be transferred to one the defendant legitimately believes would serve to be a danger to or damage to the property which secured the loan.

IT IS THEREFORE ORDERED, that the defendant, Home Federal Savings & Loan Association, is estopped from exercising the acceleration of the note upon a transfer by the plaintiffs of the notes in existence between the parties to a competent purchaser or one who would not damage the real property which stood as security for the loan.

While the plaintiffs' proof is not the clearest proof of estoppel, we do not find that the evidence preponderates against the Chancellor's conclusion. He had witnesses before him and could observe their demeanor and his findings of fact are entitled to the presumption of correctness. Since we do not find that the evidence preponderates against his findings, we hold that this issue is without merit.

For all of the reasons stated above, the decision of the lower court is affirmed. The cause is remanded to the Chancery Court of Coffee County for any further proceedings necessary. The costs are taxed to the appellant.

AFFIRMED AND REMANDED.

TODD, P. J. (M. S.), and LEWIS, J., concur.