ALMEDA CURTIS, Respondent, v. STURGIS, JACKSON & COMPANY, Appellants.

Kansas City Court of Appeals, January 20, 1896.

Landlord and Tenant: LEASE WITH OPTION: ELECTION. A lease for one year provided for a renewal for two years with the assent of the parties, and should the parties consent to a holding over, the lease would be thereby renewed. *Held*, on the evidence in this case, that both parties assented to a holding over which renewed the lease, as the tenant continued in possession after the expiration of the first year and paid the rents, and having thus elected to renew he was as much bound as the landlord.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*G. S. Hoss* and *W. P. King* for appellants.

(1) How can they express consent to a renewal? Not by the tenant simply remaining in the property and saying nothing to indicate his willingness to hold for the renewal term. In that case his acts would be such that a renewal of tenancy would doubtless be implied; but this lease provides against any renewal by implication, and declares that it will only be renewed by both parties expressing consent thereto. This con-

sent can not be expressed except in two ways. One is by orally consenting to the renewal, and the other is by putting such consent in writing. It is not contended that either was done in this case. On the contrary, it is contended on the part of plaintiff that the act of defendants in remaining in the building after the expiration of the first year was expressing consent to a renewal, when in fact it was only an act on defendant's part from which a renewal might be implied. (2) A party can never be bound by an implied contract where he has made an express contract, unless the express contract has been rescinded or abandoned. *Hawkins v. W. S.,* 96 W. S. 689; *Houck v. Bridewell,* 28 Mo. App. 644; *Planing Mill Co. v. Brundage,* 25 Mo. App. 268; *Clark v. Kane,* 37 Mo. App. 258; *Davidson v. Bierman,* 27 Mo. App. 655. Nor can a plaintiff recover on an implied contract where there is an express one in existence. *Christy v. Price,* 7 Mo. 433; *Davidson v. Bierman,* 27 Mo. App. 655. We respectfully submit that this cause should be reversed.

*Burton & Wight* for respondent.

The lease shows a rental for one year with a privilege of three; and that should both parties consent the lease is thereby renewed on same terms, etc. Wherefore, as soon as the lessee held over after the first year ended and paid rent on the new term, he had exercised his option and expressed his consent to be a tenant for at least another year. And the lessor by accepting rent on the new term without objection, exhausted her option, if she ever had one, and expressed her consent to a renewal of the lease for the option period mentioned in the contract, on the same terms. In other words, by the holding over the payment of the rent from the fifteenth of May to the first of September,

1893, and the accepting the same, renewed the lease for another year on the same terms without anything further to be done by either party. *Insurance Co. v. Bank*, 5 Mo. App. 333; *Railroad v. Ludwig*, 6 Mo. App. 583; *Witte v. Witte*, 6 Mo. App. 448; *Insurance Co. v. Bank*, 71 Mo. 58; *Vegely v. Robinson*, 20 Mo. App. 199; *Dashman v. Berry*, 20 Mich. 292.

GILL, J.—On May 15, 1892, defendants, by a written lease, rented from plaintiff a certain building in Nevada, Missouri, at a stipulated rent of $62.50 per month, payable monthly in advance. The lease was for a term of one year with "privilege of three," the last clause thereof reading: "Should this lease be renewed, it will be on the same terms and conditions and obligations herein expressed, and should the second party and first party express consent to hold over, this lease will be thereby renewed."

Defendant occupied the premises from the date of the lease (May 15, 1892) to September 15, 1893, and paid the monthly rent as provided in the lease; at which time they left the building, made tender thereof, together with rent due at that time, to plaintiff. She, however, declined to accept a surrender, and subsequently brought this action for rent of the premises, which was due, according to the terms of the lease, at the end of the second year, May 15, 1894.

On a trial by the court, sitting as a jury, there was judgment for plaintiff and defendants appealed.

On the facts disclosed by this record, the judgment below was for the right party and will be affirmed. The contract between the parties, as shown by the written lease, was to the effect that the defendants would take the property for a year, ending May 15, 1893, *certainly*, with an option of two years more on the same terms. And as to whether or not there was a renewal was left

to the happening of the condition of the lessees' hold-ing over beyond the first year, with the express consent of the lessor. That defendants did hold over, and that it was with the assent of both parties, the evidence clearly shows. The contingency then happening, as was provided for in the original lease, the contract con-tinued in operation for another term. The old contract then became as completely a binding obligation for an-other year as if a new lease had been written. *Insurance Co. v. Bank*, 5 Mo. App. 333, and same case, 71 Mo. 58. We may well say here, as was stated by Judge HAYDEN, in the case just cited: "A party who has an option is as much bound, when he has once exercised his option, as the other party to the contract. As, after making their election, the defendants had the right to enjoy a full term, so they become bound to pay rent for the full term as provided by the lease. The obliga-tion was mutual and the ability to enforce implies the liability to respond."

We have read the evidence entirely and notice the claim defendants' counsel make that defendants by their letter dated February 21, 1893, gave plaintiff notice of their intention to terminate the tenancy at the end of the first year. There is nothing in the letter that gives the slightest color to such contention. "Yes, we contemplate," says the letter, "making a change this summer, although something may happen to change our minds, and if so, we would rather be where we are than any place else. We will give you ample notice when we desire to quit, that you may have plenty of time to secure a good and profitable tenant." This was written in answer to a letter written by the plain-tiff from Colorado, where she was then staying. She had heard, she said, that defendants thought of moving their store, and in her letter the plaintiff requested them to remain. When defendants' letter is consid-

ered in the light of subsequent events, it tends to prove the contrary of counsel's contention. They continued to occupy the property, months. even, beyond the first year's term, paid rent as usual, and even wrote to plaintiff suggesting that in May or June the sidewalk should be repaired, etc. This very clearly indicated an intention on defendants' part to remain in the building and continue the lease in operation for a second year. Judgment affirmed. All concur.

