THOMAS MURPHY, RESPONDENT, v. GREAT AMERICAN INSURANCE COMPANY, APPELLANT.*

Kansas City Court of Appeals. June 14, 1926.

728

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 919, n. 44; p. 1032, n. 36; Insurance, 32CJ, p. 1057, n. 13; p. 1059, n. 44; p. 1114, n. 60; p. 1115, n. 87; p. 1118, n. 67; p. 1130, n. 24; 33CJ, p. 95, n. 11; p. 124, n. 67; p. 141, n. 51; Trial, 38Cyc, p. 1619, n. 38; p. 1653, n. 11 New.

*S. L. Sheetz* for respondent.

*Roger Miller* and *Scott J. Miller* for appellant.

BLAND, J.—This is a suit upon an oral contract of fire insurance. There was a verdict and judgment in favor of plaintiff in the sum of $1160.34 and defendant has appealed.

This is the second appeal in the case, see Murphy v. Great American Insurance Co., 268 S. W. 671, where the principal facts are stated. At the former trial there was a verdict for the defendant but this court reversed the judgment and remanded the cause on account of an erroneous instruction given on behalf of the defendant.

It is insisted that the court erred in refusing to sustain defendant's demurrer to the evidence for the reason that it is claimed the evidence fails to show that Buster, defendant's agent with whom the oral contract was made, had authority to enter into such a contract. The evidence disclosed that Buster was duly licensed as agent of the defendant at Wheeling, Missouri, by the Superintendent of Insurance in pursuance of instructions of the defendant. Buster testified that he had no authority to write policies of insurance but he merely took applications and forwarded them to the company, which the evidence shows was a foreign insurance company; the company, if it desired to issue the policy would forward the same to Buster who would deliver them and collect the premiums. There is no evidence that he ever countersigned any policies. Defendant claims that Buster was merely a soliciting agent and not a recording agent and that it is only the latter kind who has authority to write contracts of insurance.

Section 6315, Revised Statutes 1919, reads as follows:

"Foreign companies admitted to do business in this State shall make contract of insurance upon property or interests therein only by lawfully constituted and licensed resident agents, who shall countersign all policies so issued. And any such insurance company who shall violate any provision of this section shall suffer a revocation of its authority by the superintendent of insurance to do business in this State, in addition to the penalty prescribed in section 6322, such revocation to be for the term of one year."

Under this statute foreign insurance companies can make contracts of insurance "upon property or interests therein in this State only by lawfully constituted and licensed resident agents, who shall countersign all policies so issued." Defendant is therefore estopped to deny that Buster was such an agent as described in the statute, otherwise it would be making contracts in this State in violation of law. Therefore we must assume that Buster was a duly licensed resident agent of the defendant who had authority to countersign policies (see Woolfolk v. Home Ins. Co., 202 S. W. 627, 628), and if he was such an agent, there is no question but that he had power to make oral contracts of insurance. [Sheets & Day v. Ins. Co., 153 Mo. App. 620; Bealmer v. Ins. Co., 193 S. W. 847; Pritchard v. Ins. Co., 203 S. W.

223.] We do not mean to say that a foreign fire insurance company may not have agents in this State who have authority merely to solicit applications for insurance but such agents must conduct their business in a different manner than the way in which Buster carried on defendant's business. We have examined the case of Trask v. Ins. Co., 53 Mo. App. 625, and others cited by the defendant, and we only need to say that if they are in point, they were decided before the passage of section 6315, Revised Statutes 1919, which was first enacted in 1897.

There is no merit in the contention that the demurrer to the evidence should have been sustained because the evidence does not show the existence of all the elements necessary for an oral contract of insurance. There are five elements necessary to constitute such a contract; first, the subject-matter; second, the risk insured against; third, the amount; fourth, the duration of the risk; and fifth, the premium. It is not essential that all of these elements of the contract be expressly agreed upon if the intention of the parties to the contract in these particulars can be gathered from the circumstances of the case. An oral contract of insurance is binding although the premium is not to be paid at the time of its consummation if credit is given. [1 Cooley's Briefs on the Law of Insurance, pp. 392, 393; 1 May on Insurance, p. 46; Hartford Fire Ins. Co. v. Trimble, 78 S. W. 462, 464.] The existence of every one of these five elements was established by the evidence in this case.

It is insisted that at the time the oral contract was entered into there was no designation of the company in which the insurance should be made and as Buster represented several companies there was not sufficient evidence to bind the defendant. Hartford Fire Ins. Co. v. Trimble, supra, is cited in support of this contention. However, plaintiff testified that the insurance was to be in the defendant company and there is no evidence that Buster represented any other company.

There is no merit in the contention that because plaintiff knew the agent was to send the application to the company for its approval and acceptance, the contract was incomplete and plaintiff cannot recover. It appears from the facts in the case that plaintiff was to be insured from November, 1921, and that the insurance should remain in effect until the application was rejected and the company had notified plaintiff thereof and not that plaintiff was merely to be insured until after the company approved and accepted the application; that this agreement was sufficient to base a claim of oral insurance is unquestioned.

"An agreement with an applicant for accident insurance that, in consideration of the application and the promise to pay the premium, he should be insured until the application was rejected and the

company had notified him thereof, was considered sufficient to support an action in Fidelity & Casualty Co. v. Ballard & Ballard Co., 105 Ky. 253, 48 S. W. 1074, provided the agent had authority to make the agreement.'' [1 Cooley's Briefs on the Law of Insurance, p. 393.]

It is insisted that the court erred in giving the following instruction on the part of plaintiff:

''The court instructs the jury that if you find and believe from the evidence: That during the months of October and November, 1921, the plaintiff was the owner of a store building located on Lot One (1) of Block Thirteen (13), Original Town of Wheeling, Missouri; and that the defendant company during said months was a foreign fire insurance company duly licensed by the State of Missouri to engage in the business of insuring property against loss by fire in the State of Missouri; and that A. J. Buster was the duly licensed resident agent of the defendant at Wheeling, Missouri, during said months; and that at about the time plaintiff bought said store building, said Buster solicited insurance of plaintiff on said building; and that plaintiff informed him he was not ready at that time but would be later; and that in the third week of October, 1921, plaintiff informed said Buster he was ready to take out fire insurance with him; and that Buster went to the place of business of plaintiff in Wheeling, Missouri; and that in said place of business and in the middle room thereof Buster said to plaintiff that the premium for fire insurance on the building was the same in amount as that for the other policy on said building; and that plaintiff could pay said premium at any time during the month of December, 1921; and that plaintiff's building was insured in the defendant company for one year from noon on November 1, 1921, for the sum of one thousand dollars ($1000), or until plaintiff was notified to the contrary; and that plaintiff was not notified to the contrary previous to the burning of said building; and that the premium for fire insurance on said building was the sum of Seventy-three and 30/100 Dollars ($73.30) for one year; and that on or about the 13th day of November, 1921, the said building was totally destroyed by fire; and that after said fire and before the first day of December, 1921, the said Buster denied that plaintiff had insurance in the defendant company by or through any contract with him; and that plaintiff has paid into court the said sum of Seventy-three and 30/10 Dollars ($73.30) then, if you find from the evidence the facts so to be, your verdict must be for the plaintiff for the sum of one thousand dollars ($1000) with interest thereon at the rate of six per cent (6%) per annum from the date of the filing of this suit, August 11, 1922.''

It is claimed that Buster was merely a soliciting agent and had no right to enter into an oral contract of insurance. We have already passed upon this contention. It is next insisted that the instruction

in that it submits a number of things not necessary to be found in order for plaintiff to recover, was a comment upon the testimony. While it is true that a number of things are submitted in the instruction that might well have been left out, we do not view the instruction as a harmful comment upon the testimony in any particular although it may require the finding of many things unnecessary for the jury to find in order for plaintiff to recover. Plaintiff assumed an unnecessary burden in the instruction but this, of course, was not reversible error. [Foster v. Mo. Pac. Rd. Co., 115 Mo. 165, 180, 181; Seawell v. Ry. Co., 119 Mo. 222, 241, 242.]

It is insisted that a number of things submitted in the instruction were not shown in the testimony but this contention is based upon the erroneous idea that the evidence of the oral contract of insurance is confined to one page of the record. Examining the whole record, we find there was evidence tending to show every fact submitted in the instruction. The part of the instruction submitting that the oral contract provided that the premium could be paid "at any time during the month of December, 1921" is incorrect. The word "November" should have been used instead of "December." However, the jury could hardly have been misled by this error, which was clearly a clerical one. [Union Packing Co. v. Mertens, 150 Mo. App. 583, 587.] It is true that the instruction fails to expressly state that plaintiff agreed to the proposals made by Buster in reference to the insurance but the clear inference from the instruction and the evidence is that plaintiff did agree to them. The whole theory of plaintiff's case, which could not have been misunderstood by the jury, was that he was claiming an oral contract of insurance based upon facts submitted in the instruction; in other words, that he had made a contract or consented to Buster's proposition.

The petition alleges by way of inducement that the resident agent requested plaintiff to sign a blank application for the insurance and that plaintiff did sign said application after the agent had filled in some of the blank spaces and had stated that he would later fill in the remaining blanks. It is insisted that the instruction failed to submit this matter, pleaded in the petition. It was unnecessary to prove or have the jury find this matter in order to establish an oral contract of insurance as it was not an element of such contract. The petition alleges that the consideration for the oral contract of insurance was the payment by plaintiff of the sum of $73.30 to said resident agent on or before December, 1921, while the instruction submitted that the premium was to be the same in amount as that for the other policy and required the jury to find "that the premium for fire insurance on said building was the sum of Seventy-three and 30/100 Dollars ($73.30) for one year." The undisputed evidence shows that $73.30 was the amount of the premium on the other policy and that this was stated to Buster at the time the oral contract was entered

into. We think the instruction fairly submits this matter pleaded in the petition.

It is insisted that the given instructions on the part of the defendant are in conflict with plaintiff's instruction. We are unable to ascertain from a reading of the brief exactly upon what this point is based but an examination of the instructions discloses that there is no conflict in them. It is insisted that the court erred in refusing to give defendant's instruction No. 1, which reads as follows:

"The court instructs the jury, even though you may believe the plaintiff signed a blank application for insurance, to A. J. Buster, yet if you find said Buster told him afterwards and before the fire he could not write him any more insurance on his building, then, he, the plaintiff, cannot recover, and you will find for the defendant company."

This instruction would be all right were there any evidence to justify it but there is no evidence that Buster told plaintiff, after the latter signed the application and before the fire, that he (Buster) could not write any more insurance on the building. The undisputed evidence is that plaintiff did not see Buster from the day of the signing of the application until sometime after the fire. Buster was away at Jefferson City between the day the application was signed and the day of the fire except for one day and night and he does not mention seeing plaintiff while he was at Wheeling or having any talk with him during that time, but stated that plaintiff called him up after the fire and he then told plaintiff that he had no insurance with the witness.

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.