WILLIAM A. DEVORE AND VIOLA DEVORE, RESPONDENTS, v. THE FRANKLIN FIRE INSURANCE COMPANY OF PHILADELPHIA, APPELLANT.*— 25 S. W. (2d) 131.

St. Louis Court of Appeals. Opinion filed March 4, 1930.

*Corpus Juris-Cyc References: Fire Insurance, 26CJ, section 756, p. 540, n. 86.

*E. L. Snider* and *Oliver & Oliver* for appellant.

*Spradling & Dalton* for respondent.

1164

SUTTON, C.—This is an action on a fire insurance contract. The trial, with a jury, resulted in a verdict and judgment for plaintiffs for $3293.33. Defendant appeals.

Defendant assigns error here upon the refusal of its instruction in the nature of a demurrer to the evidence. The ground of the assignment is that there was a fatal variance between the pleadings and the proof, in that plaintiffs base their action on an oral contract of insurance, whereas the proof shows there was never any intention to make an oral contract, but a written application was made for a policy to be in writing.

On April 14, 1927, plaintiffs, at the solicitation of Russell Deal, made application for insurance against loss or damage by fire, light-

ning, tornado, and windstorm, by the defendant, in the amount of $3000 on their dwelling house, $200 on their smokehouse, and $800 on their barn, located on a tract of ninety-two acres, in survey 2271, near Whitewater, in Cape Girardeau County. It appears that Russell Deal in taking the application was acting as a subagent of Ben Vinyard, who was the duly appointed and licensed local countersigning agent of defendant. There appears to be no question that Vinyard was authorized to sell insurance, collect the premiums, and issue and countersign policies for defendant, which is a foreign insurance company duly licensed to do business in this State. When deal solicited and took the application for the insurance, he collected one-half the premium, amounting to $65, in cash, and took a note for the balance. The application and note were signed by William A. Devore. The application recites that the insurance applied for is for a term of three years commencing on the 14th day of April, 1927. The note recites that it is for value received in policy dated April 14, 1927, issued by defendant. The application also states that the insured property is mortgaged to the Union Central Life Insurance Company, but does not state the amount of the mortgage debt. Vinyard had previously furnished the application blank to Deal, and advised him that he would take care of him on the commission. After the application was taken by Deal, he delivered it and the note to Vinyard, who sent them to the defendant. Vinyard told Deal the insurance was bound, and it was agreed between them that Deal might hold the money received in part payment of the premium, and turn it over to Vinyard, less commissions, as soon as the policy was received. A few days after the application was taken, William A. Devore called on Vinyard at his office in Cape Girardeau, and had a conversation with him about the insurance. Concerning this conversation, Devore testified: "Mr. Vinyard said the policy hadn't come. He said he was looking for it any day. He said I was insured right then. He said I needn't be uneasy, if anything happened I would get my money. He said he had the note, and had sent it to the company. I told him I gave Deal $65 and the note. He said, 'That's all right; that's the same as if you had given it to me. We work together on insurance.' He said the policy ought to have been there then. He said he was looking for it any day. He told me as soon as it came in he would send it to the Union Central Life Insurance Company. He asked me about the house. We talked over the kind of house it was, how it was built, talked over the kind of insurance I wanted, which was fire, lightning, and tornado, $3000 on the house, $200 on the smokehouse, and $800 on the barn. We discussed the premium which was to be $130, and that he said I had done paid, half cash and half note. We discussed how long the insurance was to run, which was three years. He said he had approved the insurance. That's what he told me."

The dwelling house was totally destroyed by fire on June 14, 1927. After the fire defendant denied liability, on the ground that it had rejected the application. There was no evidence offered, however, to show that the application was in fact rejected. Neither the application nor the money or note given for the premium was ever returned to the plaintiffs, nor was any offer to return the same ever made. The application and note were produced by defendant at the trial, and were offered in evidence. Defendant offered no testimony. Deal did not testify, neither did Vinyard.

An oral contract of insurance presently in force was clearly made out by this evidence. It is true the application shows that it was made for a policy in writing to be issued, but there is nothing in this inconsistent with the oral agreement that the insurance should be in force pending the issuance of the policy to evidence the contract agreed upon. On the contrary, the application is in perfect harmony with such oral contract. It expressly recites that the application is for insurance commencing on April 14, 1927, which is the date on which the application was taken. Likewise, the premium note recites that it is for a policy issued as of the same date. The application itself was not a contract of insurance, but it was evidentiary of the insurance orally agreed upon between Devore and defendant's agent. In any view of the undisputed facts disclosed by this record, the defendant is precluded, on the plainest principles of estoppel, from denying that the insurance was in force at the time of the fire.

The commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Haid, P. J.,* and *Becker* and *Nipper, JJ.,* concur.