WALLACE N. ROBINSON, RESPONDENT, v. FRANKLIN FIRE INSURANCE COMPANY OF PHILADELPHIA, APPELLANT.*—35 S. W. (2d) 635.

Kansas City Court of Appeals. February 16, 1931.

*Henry S. Conrad, L. E. Durham, Hale Houts* and *Spurgeon L. Smithson* for respondent.

*Fyke & Hall* for appellant.

CAMPBELL, C.—This is an action to recover upon an alleged oral contract of insurance on household goods. Plaintiff recovered and defendant appeals.

The petition contains the allegation usually found in suits of like character, the answer is conventional, and neither is assailed.

At the trial defendant said the only question "is whether there is any contract of insurance."

Plaintiff's evidence is that he was the owner of a farm in Cass county; that the dwelling house thereon had been occupied by a tenant prior to the making of the alleged oral contract of insurance; that during that time the defendant covered said dwelling

by a policy of insurance in the sum of $3000; that he obtained possession of the farm and dwelling house in March, 1927, and began moving into the dwelling about June 1, and lived there continuously until the fire on July 11, 1927; that on June 10, 1927, by 'phone, he ordered insurance on his household goods through the insurance department of the Commerce Trust Company, which was under the management of Miss Hecht, whose agency is known in the record as the Townley Culbertson Insurance Agency; that the policy (C. 12610) on the dwelling had been issued by the Harry A. Burke Insurance Agency, that agency being represented by its manager, Miss Flora Blackmore; that plaintiff originally requested $10,000 insurance on the household furnishings; that the agency managed by Miss Hecht attempted to procure that amount of insurance from the agency represented by Miss Blackmore; that being unable to do so, Miss Blackmore wrote to defendant's office in Chicago, Illinois, and received reply under date of June 18, 1927, as follows:

"Under our policy we cover Mr. Robinson's dwelling house on the sum of $3000; therefore $3000 insurance is the limit which we would assume on his household goods. . . .

"If Mr. Robinson is living on the farm continuously and will be satisfied with a total of $3000 insurance on his household goods, so advise us and we will issue and send along policy for three year term; combined hazards; that is, fire and lightning and tornado with hail extension. If, on the other hand, he will not be satisfied with $3000 total insurance on household goods or in the event that hs is not continuously occupying the dwelling on the farm, we must decline the line on the goods and ask that policy C. 12610 be returned for cancellation. We are assuming, of course, that Mr. Robinson's household goods are contained in the $3000 dwelling house described in policy C. 12610."

That Miss Hecht advised plaintiff of the contents of this letter about June 20 or 21, and he then instructed and authorized her to procure insurance in the sum of $3000 on the household goods for a term of three years, and that he would await the coming of the farm inspector to take up the matter of increasing the amount; that he was occupying the dwelling house with his family, and they would continue to live there; that afterwards and on the day of the fire he reported the same to the Townley Culbertson Agency and also to the Burke Agency; that the defendant denied liability; that afterwards plaintiff tendered the amount of the premium, which tender was refused; that the insurance on the dwelling was paid with reasonable promptness; that the insurance he ordered was in the defendant company; that he authorized Miss Hecht to put the insurance in force with the Burke Agency, saying that he would be satisfied with the $3000 insurance now, and that he would

later get the field agent and show him the property; that defendant never made any request for a return or cancellation of the policy upon the dwelling house.

It was shown without objection or dispute that the amount of premium for $3000 insurance, such as is here involved, is $88.50, the amount of which is fixed by and determined from the schedule of rates on file in the office of the superintendent of insurance.

Miss Hecht testified she was employed by the Townley Culbertson Agency; that in June, 1927, she received an order from plaintiff for insurance on household goods in the sum of $10,000; that thereupon she called the office manager of the Burke Agency, Miss Blackmore, and requested $10.000 insurance for plaintiff: that Miss Blackmore said she would take it up with the home office; that shortly thereafter Miss Blackmore read to her the letter received in reply; that there was further correspondence with defendant's office in Chicago, all of which was read to Miss Hecht, including the letter of June 18: that after that letter was read to her she called plaintiff, advised him of the contents of the letter, asked if he was living in the dwelling house, and he said he was; told him the company was only willing to grant insurance in the sum of $3000 inasmuch as they would not write more on the household goods then they had written on the house; that plaintiff then told her to get $3000 right away; that after this conversation she called Miss Blackmore who in substance said $3000 would be bound right away and that she would try to get the company to increase it, both on the dwelling and household goods: that she made a memorandum to the effect that the $3000 was bound on June 19, 1927; that after the fire she reported the fact to Miss Blackmore: that she had been transacting that sort of business with the Burke Agency for a period of ten or twelve years, and that each of the agencies had placed business with the other; that credit had invariably been extended by the Burke Agency to the Townley Culbertson Agency; that there is no premium charged on binders; that on this occasion there was nothing said about the premium; that when a policy is ordered by one agent through another, the premium is charged to the agent ordering the policy, and the agency making the request will pay the premium and collect from the insured; that defendant never did bill her for a policy before the same was delivered; that by reference to the schedule of charges the amount of the premium is readily ascertainable, and that it was not the practice of insurance agencies to haggle back and forth about the amount of premiums, the amount of which was always ascertained from the schedule; that the schudele is all the agent has to go by in determining the amount; that when a policy was ordered through the Burke Agency the premium was not demanded until the succeeding month, and that such custom had existed and been in force as long as the witness

had been in business; that after the insurance was bound in June, 1927, she had no further conversations with the 'Burke Agency, was not notified that the insurance was cancelled or that it would not be issued, and that she was never told that a signed application for the insurance was desired.

Miss Blackmore, as a witness for defendant, testified that she was the office manager of the Burke Agency; that the only person she dealt with was the witness, Miss. Hecht; that the several letters were read by her over the telephone to Miss Hecht; that she did not remember telling her anything about issuing the policy; that she did not have authority to write the policy; that when she had extended credit to the Townley Culbertson Agency nothing would be said about the amount of the premium, but when a policy was issued she would bill the latter agency for the premium; that she did not put a binder of $3000 on the property; that she did not require a signed application; that on the morning after the fire Miss Hecht informed her thereof. She said:

"Q. Isn't it true that in that loss report you signified that the $3000 of household goods insurance was bound? A. I said it was a binder. I reported the fire under a binder.

"Q. But at any rate, the loss report shows the loss as bound as of June 21, 1927. A. Yes."

The loss report was introduced and the recitations therein are as stated by the witness.

The witness further stated that a binder slip is seldom used; that as between agencies the practice is to bind verbally; that in farm business a written application is required, but that she did not ask for a written application from plaintiff.

The defendant is a corporation foreign to Missouri, was licensed in Missouri for the transaction of its business, and had, by proper instrument, constituted Harry A. Burke of Kansas City, Missouri, its agent for the transaction of its authorized business of insurance in this State.

The assignments of error are: (1) That the court erred in refusing to find the issues and render judgment in favor of defendant; (2) that the court erred at the close of all the evidence in refusing the peremptory instruction requested by defendant; (3) that the court erred in giving plaintiff's instruction A; (4) that the court erred in the admission of testimony; and (5) that the court erred in admitting proof of custom.

Assignments 1 and 2 present the same question and will be treated together.

These assignments raise the questions as to whether plaintiff made proof of the making of the oral contract of insurance alleged by him. It is well settled that an oral contract of insurance is valid. This court has said:

"There are five elements necessary to constitute such a contract: First, the subject-matter; second, the risk insured against; third, the amount; fourth, the duration of the risk; and fifth, the premium. It is not essential that all of these elements of the contract be expressly agreed upon if the intention of the parties to the contract in these particulars can be gathered from the circumstances of the case. An oral contract of insurance is binding, although the premium is not to be paid at the time of its consummation if credit is given." [Murphy v. Company, 285 S. W. 772.]

Plaintiff's evidence tends to show that the contract on his part was made by Miss Hecht and on defendant's part by Miss Blackmore; that all of the necessary elements of an oral contract of insurance were presented, that is to say, there is substantial evidence showing the location and kind of property to be insured, the character of the risk, the amount, $2000, and duration, a period of three years, and that defendant "bound" the insurance. There is no showing that the amount of the premium was mentioned, but there was a showing that the amount of the premium is fixed by law or the rules of the insurance department, and was, therefore, not a matter to be specially agreed upon by the parties. It is clear it was the intention of the parties to contract for insurance for a period of three years upon plaintiff's household goods and that the agency represented by Miss Hecht would pay the premium. There is substantial evidence that the manager of the Burke Agency stated that $3000 would be "bound right away." The subject under discussion was insurance on plaintiff's household goods. The correspondence, as well as the 'phone talks between the respective agents, related to that subject and to the question of defendant granting insurance. It is significant that after the fire was reported to the Burke Agency, that agency, through its manager, sent a proof of loss of the household goods to defendant's office in a foreign state, in which it is recited that the name of the assured is W. N. Robinson; amount $3000; bound 6-21, 1927; probable amount of entire loss $3000; locations of the risk on lands in Cass county, Missouri, date of fire July 11, 1927. This report was made upon a blank evidently furnished by defendant and which contained instructions to fill the same immediately and mail to the company at its office in New York City.

Appellant's argument that the Burke Agency did not have authority to make an oral contract of insurance overlooks or ignores section 6315, Revised Statutes 1919. That statute has been construed and discussed in the Murphy case, supra, and also in the case of McNabb v. Niagara Fire Insurance Company, 22 S. W. (2d) 364, and needs no further consideration at this time.

The next assignment is that the court erred in giving plaintiff's instruction A. That instruction is as follows:

"If you find and believe from the evidence that the Burke Agency from December, 1925, to and including July 11, 1927, was the duly licensed resident agent of the defendant and during said time was authorized by defendant to and did sign and deliver farm policies for the defendant, and if you further find that under the terms of said policies the same were valid only when signed by said Burke Agency, and if you further find that defendant wrote and transmitted to the Burke Agency the letter offered in evidence, dated June 18, 1927, then you are instructed that under the law said Burke Agency was duly authorized to make and enter into a valid oral insurance contract with plaintiff in behalf of the defendant on the terms in said letter mentioned.

"If you find that all the facts set forth in paragraph 1 hereof are true, then, even if you find that the defendant had some limitation upon the authority of the said Burke Agency, yet, if you also find that the plaintiff and his agent had knowledge of such limitation, if any, then you are instructed that such limitation of authority, if any, is no defense to an oral insurance contract, if any, made by such Burke Agency within the scope of its apparent authority."

This instruction is assailed upon the theory that it withdrew from the consideration of the jury the question of fact as to whether the plaintiff's application, as shown in the correspondence, and the testimony of defendant's agent, were to be forwarded to the company for approval; that the instruction in effect told the jury that even though plaintiff knew his proposal or application had been referred to the Chicago office, such fact would not avail as a defense; that the instruction told the jury that if the Burke Agency received the letter of June 18, then, as a matter of law, it was authorized to enter into a valid contract of insurance. Again we say, the argument thus advanced ignores section 6315. The defendant is a foreign insurance company, had constituted the Burke Agency its agent to transact its Missouri business; that appointment was made pursuant to the laws of this State governing the situation. Under the terms of said section 6315 the defendant could lawfully make a contract of insurance in Missouri only by lawfully constituted and licensed resident agents.

The Burke Agency had authority to make an oral contract of insurance. [Prickard v. Continental Fire Insurance Company, 203 S. W. 223; Devore v. Franklin Fire Insurance Company, 25 S. W. (2d) 131, 132.]

The statement in the letter of June 18 that a policy would be issued and forwarded did not revoke that authority. Obviously, the instruction placed a greater burden on plaintiff than the law imposes.

Error is assigned to the action of the court in admitting proof that it was the custom between the two insurance agencies to extend

credit to the one ordering insurance. Payment of the premium was not demanded at the time the insurance was "bound," which fact necessarily implies the insurer intended to and did extend credit. Proof of custom, if necessary, was proper. [Huggins v. Peoples Insurance Company, 41 Mo. App. 530, 545; Worth v. German Insurance Company, 64 Mo. App. 538, 589.] For the same reason it was not necessary that the amount of the premium be mentioned, and, further, the amount thereof was fixed by the schedule on file in the office of the superintendent of insurance.

"It is not essential that all of these elements of the contract be expressly agreed upon if the intention of the party to the contract in these particulars can be gathered from the circumstances of the case." Murphy case, supra.

The record is free of error prejudicial to defendant, and the judgment should be, and is affirmed. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is hereby adopted as the opinion of the court. The judgment is affirmed. All concur, except *Trimble, P. J.,* absent.