**Harry SANDER, Plaintiff-Appellant,**

v.

**MID–CONTINENT INSURANCE CO., a corporation, Defendant-Respondent.**

No. 35373.

Missouri Court of Appeals,
St. Louis District,
Division Two.

June 18, 1974.

Rehearing Denied Oct. 15, 1974.

William R. Hirsch, Clayton, for plaintiff-appellant.

Frank E. Strzelec, Joseph M. Kortenhof, Kortenhof & Ely, St. Louis, for defendant-respondent.

GUNN, Judge.

Plaintiff-appellant appeals from a judgment in a court tried case denying his claim for proceeds under a fire insurance policy issued by defendant-respondent. Our decision turns on the issue of whether plaintiff, as assignee of a trustee under a deed of trust, had an insurable interest under the insurance policy. We find that plaintiff did have an insurable interest and is entitled to proceeds of the policy.

The case was tried on a stipulation of facts, the essentials of which follow. On May 7, 1970, Mr. and Mrs. Wilson Brown, Jr. entered into a contract for the purchase of a house in St. Louis from Linda Heiss. The Heiss property was subject to a deed of trust securing a loan of $11,500.00 with William R. Hirsch as trustee under the deed of trust. The sales contract was contingent upon the Browns' securing an FHA loan for $8,050.00, and conditional loan approval was obtained subject to certain work and repairs being performed on the house. The closing date of sale, as extended, was set for July 10, 1970. On July 10, some, but not all, of the necessary repairs had been made. Prior to the July 10, date, Gershman Investment Corp., who was to be the beneficiary of the deed of trust executed by the Browns, held the following documents: the general warranty deed from Miss Heiss to the Browns, a deed of trust executed by the Browns to Solon Gershman, as trustee for Gershman Investment Corp., the deed of trust note executed by the Browns in favor of Gershman Investment Corp., and real estate closing statements also executed by the Browns.

The loan from Gershman Investment Corp. to the Browns was never paid out nor were the loan or sale closing documents ever recorded, for on July 12, 1970, before the Browns moved into the house, the house was destroyed by fire.

Plaintiff predicates his cause of action on a fire insurance binder for $8,050.00 issued by defendant on July 10, 1970 designating the Browns as insureds. The insurance policy referred to in and made a part of the binder named William R. Hirsch, as trustee under the Heiss deed of trust, and Gershman Investment Corp., and their assigns, as loss payees under the policy. Plaintiff is the assignee of both Gershman Investment Corp. and William R. Hirsch.

Defendant bases its denial of plaintiff's claim for fire insurance proceeds on the fact that the loan proceeds had not been fully consummated and that plaintiff was not a mortgagee of the Browns who were named insureds in the insurance binder. The thrust of defendant's argument is that there was no mortgage in existence between Gershman Investment Corp. and the Browns, and, as a result, there was no debtor-creditor relationship established. Therefore, according to defendant, plaintiff as assignee of Gershman Investment Corp. cannot recover through any interest of Gershman Investment Corp. because there was no mortgage in existence involving the Browns.

But it is not through Gershman Investment Corp. that plaintiff is entitled to recover. The insurance binder also named William R. Hirsch, and his assigns, and the defendant's policy of insurance to be issued by virtue of the binder and specifically made a part of the binder named William R. Hirsch, along with Gershman Investment Corp., and the assigns of each, as loss payees under the policy. William R. Hirsch was the trustee under the Heiss deed of trust and a designated loss payee under the insurance policy. The question, then, is whether plaintiff, as assignee of Hirsch, has an insurable interest by reason of the grantor's deed of trust existing on the property at the time of the loss so as to allow his recovery of the insurance proceeds. We believe he does.

As assignee of Hirsch, plaintiff takes the place of Hirsch and assumes all his rights and limitations and stands as the real party in interest. Kroeker v. State Farm Mutual Insurance Co., 466 S.W.2d 105 (Mo.App.1971); St. Louis Union Trust Co. v. Hunt, 169 S.W.2d 433 (Mo. App.1943); Stewart v. Kane, 111 S.W.2d 971 (Mo.App.1938). Therefore, if Hirsch is entitled to recover the fire insurance proceeds, the plaintiff may stand in his stead and recover the proceeds in Hirsch's place. It is not enough, however, that Hirsch merely be named as a beneficiary under the policy. It is essential that the assignor have an insurable interest in the property as opposed to wagering through insurance

that property in which he has no interest will be destroyed. The latter situation would be against public policy. Galati v. New Amsterdam Casualty Co., 381 S.W.2d 5 (Mo.App.1964); American Central Insurance Co. v. Kirby, 294 S.W.2d 556 (Mo.App.1956).

■ We find in Wrausmann v. Kansas City Fire and Marine Insurance Co., 477 S.W.2d 741 (Mo.App.1972) the definition of "insurable interest" as adopted by the Missouri courts. There, quoting from 44 C.J.S. Insurance § 175, Judge Clemens said, l.c. 742:

"In general a person has an insurable interest in the subject matter insured where he has such a relation or concern in, such subject matter that he will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction, termination, or injury by the happening of the event insured against."

■ William R. Hirsch, plaintiff's assignor, did stand to derive pecuniary benefit from the preservation of the Heiss-Brown house and did suffer pecuniary loss by reason of its destruction. There was an $11,500.00 deed of trust on the property with William Hirsch as trustee under the deed of trust. We find that with that deed of trust outstanding and not paid, William Hirsch, as trustee, had an interest in the preservation of the property; that such interest was an insurable interest within the meaning of Wrausmann v. Kansas City Fire and Marine Insurance Co., supra, and plaintiff, as Hirsch's assignee, assumed that insurable interest.

■ As trustee under the vendor's deed of trust, Hirsch had an interest in the property both before and after the sale to ensure the payment of the mortgage lien. Thus, it really does not matter in this case whether the sale was not consummated as contended by defendant, for Hirsch still retained an insurable interest in the property for the purpose of securing payment of the deed of trust holder's lien. American Central Ins. Co. v. Kirby, supra. See also, Bernhardt v. Boeuf & Berger Mutual Insurance Co., 319 S.W.2d 672 (Mo.App. 1959). Plaintiff, therefore, is entitled to receive the benefits of the insurance policy.

Defendant also urges that the plaintiff is not entitled to recover under the policy as there was no evidence to establish that the binder premium had been paid or that the premises were occupied at the time of destruction, as provided by the insurance agreement. Neither of these arguments is meritorious.

■ The insurance binder contained provision for the payment "of such premium as may be found to be due (to the insurance company,) which premium, in the event of loss before expiration of this binder, shall be fixed at the full annual premium for the sum insured." The binder, therefore, contained a promise to pay a premium coupled with a promise by the defendant to pay the amount of coverage to the loss payee. There are five essential elements which must be agreed upon before a binder becomes effective: 1) the subject matter; 2) the risk insured against; 3) the duration of binder; 4) the amount of the coverage; 5) the amount of the premium. Chailland v. M.F.A. Mutual Insurance Company, 375 S.W.2d 78 (Mo. banc 1964). All the essentials were present in this case. The payment of a premium was not a condition to the validity of the binder, as the agreement to pay the binder premium and to take the policy was sufficient. See Chailland v. M.F.A., supra; Murphy v. Great American Ins. Co., 221 Mo.App. 727, 285 S.W. 772 (1926).[1] Thus, the plaintiff's right to recover is not dependent upon whether the binder premium was paid at the time of issuance of the binder. The agreement to take the policy referred to in the binder with the agreement to pay the

---

1. See also, Pennsylvania Casualty Co. v. Upchurch, 139 F.2d 892, 893 (5th Cir. 1943).

insurance premium was adequate consideration for the binder to be effective.

■ The fact that the house may or may not have been occupied at the time of its destruction is also not important to this case. The policy referred to in the binder contained two occupancy conditions. The first was that the property was warranted to be occupied by the legal owner with the provision that failure to notify of "any change in conditions, will completely void this company's [defendant's] coverage as respects the interest of the insured, mortgage holder, or other interested parties." There is no allegation here that there was any change in conditions from the time the binder was issued to the time of loss, nor does the defendant challenge that the premises were occupied by other than the legal owner. Therefore, the foregoing condition is not applicable.

■ The other occupancy condition provided that "in the event the property covered under this policy becomes vacant or unoccupied that the company [defendant] will be notified in writing within ten days from the time it becomes vacant or unoccupied." A clause followed limiting liability to 50% of the policy in the event the defendant was not notified that the property had become vacant. In construing the meaning of the terms of the policy we must apply a strict construction and one most favorable to the insured. Graves v. M.F.A. Mutual Insurance Co., 446 S.W.2d 154 (Mo.App.1969); Drummond v. Hartford Fire Insurance Co., 343 S.W.2d 84 (Mo.App.1960).[2] It is manifest that the condition concerning occupancy by the use of the words "in the event the property covered under this policy *becomes* vacant or unoccupied" contemplates a change of conditions from those existing at the time of the issuance of the insurance binder. Again, there has been no challenge by the defendant that occupancy conditions of the house changed from the time the binder was initially issued, and the occupancy conditions in the policy were not applicable to the situation extant at the time the premises were destroyed.

The judgment of the Circuit Court as to count one of plaintiff's petition is reversed and the cause is remanded with instructions to enter judgment in favor of the plaintiff for proceeds under the insurance binder for $8,050.00 under count one of plaintiff's petition.

From the record before us, we find no arbitrary, unreasonable, or vexatious refusal on the part of defendant to pay insurance proceeds. Therefore, the trial court's judgment denying recovery under count two of plaintiff's petition for vexatious damages and fees is affirmed.

CLEMENS, Acting P. J., and McMILLIAN, J., concur.

---

2. The Drummond case contains an excellent and comprehensive interpretation of the Missouri law construing the words "vacant" and "unoccupied" relating to insurance policies.